■ A. ANTHONY MILLER, Respondent, v PHYLLIS BECK et al., Appellants. — In an action to recover damages for libel and prima facie tort, defendants appeal from an order of the Supreme Court, Nassau County (Derounian, J.), dated November 19, 1980, which denied their motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed. The alleged libelous statement was contained in a "Report of Suspected Child Abuse or Maltreatment" written by defendant Beck, a clinical psychologist employed by the defendant school district. The prima facie tort cause of action against the school district is based upon the district's employment of, and failure to exercise due care over, defendant Beck. The charges contained in Beck's report were subsequently determined to be unfounded. Section 411 of the Social Services Law sets forth the purpose for reporting suspected cases of child abuse or maltreatment. Section 413 enumerates those individuals, including psy-

chologists or school officials, who are under a statutory duty to report same. Section 419 provides immunity from civil liability when the report is made in good faith, which, under the statute, is presumed. Where, as here, a defendant's statements are presumptively privileged, either by statutory mandate or at common law, they are actionable only if the plaintiff can prove their falsehood and that the defendant was motivated by actual malice or ill will. Plaintiff, in support of this burden, must submit evidence; suspicion, surmise or accusations will not suffice. *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 61, 64.) Similarly, malice is an essential element of prima facie tort and where a complaint fails to allege facts sufficient to support a claim of malice, it is subject to dismissal. *(Smith v County of Livingston,* 69 AD2d 993.) As plaintiff has not presented any factual allegations of malice or ill will on the part of the defendants, his complaint must be dismissed. Damiani, J.P., Gibbons, Rabin and Margett, JJ., concur.