■ MURIEL KEMPSTER et al., Respondents, v CHILD PROTECTIVE SERVICES OF THE DEPARTMENT OF SOCIAL SERVICES OF THE COUNTY OF SUFFOLK, Defendant, and JOHN T. MATHER MEMORIAL HOSPITAL, Appellant.—In an action, *inter alia,* to recover damages for libel and slander, infliction of emotional distress and prima facie tort, the defendant John T. Mather Memorial Hospital appeals from so much of an order of the Supreme Court, Suffolk County (Christ, J.), dated October 3, 1985, as, upon granting its motion for leave to renew its motion for summary judgment dismissing the complaint insofar as it is asserted against it, adhered to its original determination in an order dated April 3, 1985, denying the motion for summary judgment.

Ordered that the order dated October 3, 1985, is reversed insofar as appealed from, on the law, with costs, the order dated April 3, 1985, is vacated, the motion for summary judgment is granted, the complaint is dismissed insofar as it is asserted against the defendant hospital, and the plaintiffs' action insofar as it is asserted against the remaining defendants is severed.

On August 24, 1981, the infant plaintiff, who was approximately 14 months old, was brought to the emergency room of the defendant hospital because of swelling of her nose. The child's mother advised a hospital employee that the infant had fallen after tripping over the leg of a kitchen chair two days previously. The defendant hospital proceeded to take X rays of the infant's head, nasal area and wrists. These X rays revealed a partially healed fracture of the child's right wrist, for which the mother was unable to provide an explanation. A physical examination of the child further disclosed that she suffered from abrasions on various parts of her body, which appeared to have been sustained on diverse occasions.

Based upon these physical findings, a nurse employed by the defendant hospital, having reasonable cause to suspect that the infant might have been abused or maltreated, reported the incident to the Albany Registry of Child Protective Services. The infant was admitted to the hospital and on August 27, 1981, was discharged and temporarily placed in the custody of the Suffolk County Department of Social Services pursuant to an order of the Family Court, Suffolk County (Abrams, J.).

The plaintiffs commenced the instant lawsuit on or about August 20, 1982, alleging that the defendant hospital had "wrongfully, maliciously and falsely accused plaintiff THERESA KEMPSTER of having abused her child". It was further alleged that the infant plaintiff had been "deprived of her liberty for a period of time without good and sufficient legal reasoning", and that the adult plaintiffs, as a result of the aforesaid acts, "were subjected to great ridicule, humiliation and disgrace * * * and suffered mental and bodily distress by reason thereof".

We find, contrary to Special Term, that, by virtue of Social Services Law § 419, the foregoing complaint must be dismissed insofar as it is asserted against the defendant hospital. This provision, in pertinent part, provides that "[a]ny person, official, or institution participating in good faith in the * * * making of a report [of suspected child abuse or maltreatment]

shall have immunity from any liability, civil or criminal, that might otherwise result by reason of such actions". That section further provides that the good faith of any person required to report cases of child abuse or maltreatment shall be presumed.

Social Services Law, article 6, title 6, which is entitled Child Protective Services, was enacted for the express purpose of encouraging "more complete reporting of suspected child abuse and maltreatment" (Social Services Law § 411). In order to effectuate the salutary objectives of the statute, physicians, nurses, hospital personnel, school officials and a battery of other persons and officials, are legally required to contact a State-wide central registry of child abuse and maltreatment in the event there is reasonable cause to suspect that a child coming before them has been abused or maltreated (Social Services Law § 413). Indeed, "[a]ny person, official or institution required * * * to report * * * suspected child abuse * * * who willfully fails to do so shall be guilty of a class A misdemeanor" and shall also be exposed to civil liability for the damages proximately caused by that failure (Social Services Law § 420 [1]).

The reporting requirements which trigger the qualified immunity provision contained in Social Services Law § 419 are not predicated upon actual or conclusive proof of abuse or maltreatment. Rather, immunity attaches when there is reasonable cause to suspect that the infant might have been abused and when the party so reporting has acted in good faith in discharging the obligations and duties imposed by the statute.

With reference to the facts before us, we conclude that the medical data and other available information clearly indicated that further investigation of possible maltreatment was warranted in view of the fact that the infant had sustained several injuries, of recent temporal proximity, coupled with the fact that the plaintiff mother was unable to provide any explanation as to how some of the injuries were sustained. The record further discloses that in addition to the defendant hospital, the Family Court, as evidenced by its order granting temporary custody of the infant to the Suffolk County Department of Social Services, concluded, on the basis of the objective physical findings, that "the child appear[ed] so to suffer from the abuse or neglect of [her] parent[s] that [her] immediate removal [was] necessary to avoid imminent danger to the child's life or health" (Family Ct Act § 1022 [a] [ii]).

We therefore find that the appellant had reasonable cause

to suspect a possible case of child abuse and that the appellant acted reasonably and lawfully in detaining the infant and reporting the incident. We further find that the plaintiffs, in opposition to the motion for summary judgment, failed to offer any evidence to rebut the statutory presumption that the appellant had acted in good faith when it reported the incident in dispute (see, Miller v Beck, 82 AD2d 912).

Finally, we note that the appellant's failure to submit an affidavit from a physician or nurse does not defeat its right to summary judgment since the appellant had submitted ample proof, in the form of the infant's hospital chart, which effectively documented the fact that a reasonable basis to suspect child abuse or maltreatment existed. That appellant's supporting proof was placed before the court by way of an attorney's affirmation, rather than affidavits of fact on personal knowledge, is not fatal to its application for summary judgment (see, Olan v Farrell Lines, 64 NY2d 1092; Gaeta v New York News, 62 NY2d 340; Zuckerman v City of New York, 49 NY2d 557). Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.