■ SEVERO ESCALERA, Appellant, v PETER FAVARO et al., Respondents. [749 NYS2d 263] —In an action, inter alia, to re-

cover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated June 11, 2001, which granted the defendants' motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the Supreme Court properly dismissed the complaint. The defendant Peter Favaro, a psychologist, and his facility, the defendant Smart Parenting, were appointed by the Family Court, Nassau County (Koenig, J.), to supervise visitation in the context of the Family Court proceeding between the plaintiff and the mother of his children. While overseeing visitation, the statements made by the plaintiff's daughter, Jennifer, provided Favaro with reasonable cause to suspect child abuse by the plaintiff. As a consequence, Favaro was required by Social Services Law § 413 to report the plaintiff's suspected child abuse.

Social Services Law § 419 provides, in pertinent part, that a person who complies with the reporting requirements of Social Services Law § 413 in good faith is entitled to immunity from any civil or criminal liability that may otherwise result from such actions. That section additionally provides that the good faith of any person required to report cases of suspected child abuse shall be presumed (*see* Social Services Law § 419; *Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk,* 130 AD2d 623, 624). To rebut the presumption of good faith, a plaintiff must demonstrate that a defendant was motivated by actual malice (*see Miller v Beck,* 82 AD2d 912, 913).

The complaint fails to allege facts sufficient to support a claim of actual malice. Thus, by virtue of Social Services Law § 419, the defendants are afforded immunity for their compliance with the reporting requirements of Social Services Law § 413 (*see Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk, supra* at 624-625). Accordingly, dismissal was warranted.

In light of our determination, we do not reach the plaintiff's remaining contentions. S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.