■ GORDON SCLAR et al., Appellants, v FAYETTEVILLE-MANLIUS SCHOOL DISTRICT et al., Respondents. [753 NYS2d 636] —Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered May 29, 2002, which granted defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages allegedly resulting from a report made by defendants pursuant to Social Services Law § 413 of suspected educational neglect by plaintiffs of their 13-year-old daughter. Supreme Court properly granted defendants' motion to dismiss the complaint. Pursuant to Social Services Law § 419, defendants are entitled to immunity from liability for their good faith compliance with the reporting requirements of section 413, and plaintiffs failed to present sufficient factual allegations that defendants were motivated by actual malice in making the report (*see Escalera v Favaro,* 298 AD2d 552; *Kubik v New York State Dept. of Social Servs.,* 244 AD2d 606, 609; *Miller v Beck,* 82 AD2d 912, 913). In any event, with respect to the causes of action for slander and libel, plaintiffs failed to allege facts sufficient to defeat the qualified privilege protecting defendants' statements (*see Christenson v Gutman,* 249 AD2d 805, 807; *Miller,* 82 AD2d at 913). Plaintiffs also failed to allege conduct sufficiently outrageous in character to support the cause of action for intentional infliction of emotional distress (*see Harville v Lowville Cent. School Dist.,* 245 AD2d 1106, *lv denied* 92 NY2d 808) or conduct that endangered their physical safety or caused them to fear for their physical safety to support the cause of action for negligent infliction of emotional distress (*see Andrewski v Devine,* 280 AD2d 992, 993). Plaintiffs have abandoned any challenge to the dismissal of the cause of action alleging that defendants filed a false instrument (*see Ciesinski v Town of Aurora,* 202 AD2d 984). Finally, plaintiffs' claims for punitive damages do not survive the dismissal of the substantive causes of action (*see Andrewski,* 280 AD2d at 993). Present—Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.