■ Anthony Rine, Appellant, v Phylis Chase, Respondent. [765 NYS2d 648] —In an action, inter alia, to recover damages for defamation and malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (McCarty, J.), entered July 2, 2002, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging defamation and malicious prosecution, and (2) a judgment of the same court entered August 16, 2002, as, upon the order, dismissed those causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant is a certified social worker who provided therapy to the plaintiff's children while the plaintiff and his wife were in the midst of divorce proceedings. In the fall of 1994, the defendant made oral and written reports to the Nassau County Department of Social Services alleging that the plaintiff had abused his children. The reports, which were based primarily upon information disclosed by the children during the course of therapy, were ultimately determined to be unfounded, and were expunged from the New York State Child Abuse and Maltreatment Register. The plaintiff subsequently commenced this action against the defendant seeking damages, inter alia, for defamation and malicious prosecution. The defendant thereafter moved for summary judgment dismissing, inter alia, those causes of action, contending that Social Services Law § 419 immunized her from liability because she had reported suspected child abuse in good faith. The Supreme Court granted those branches of the defendant's motion, and we affirm.

Social Services Law § 413 requires certain persons, including physicians, teachers, and social workers, to register a report whenever "they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child." Mandated reporters, such as the defendant social worker, are provided with qualified immunity from civil liability for reports of suspected child abuse which are made in "good faith" (Social Services Law § 419). The statute presumes "good faith" where the person reporting suspected child abuse is acting in discharge of his or her duties and within the scope of his or her employment, but does not shield such individuals where liability is the result of willful misconduct or gross negligence (*see* Social Services Law § 419). "The reporting requirements which trigger the qualified immunity provision contained in Social Services Law § 419 are not predicated upon actual or conclusive proof of abuse or maltreatment. Rather, immunity attaches when there is reasonable cause to suspect that the infant might have been abused and when the party so reporting has acted in good faith in discharging the obligations and duties imposed by the stat-

ute" (*Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk,* 130 AD2d 623, 625 [1987]).

Here, in support of her motion for summary judgment, the defendant submitted evidence establishing that the children made statements to her during therapy sessions which provided her with reasonable cause to suspect that they had been abused by the plaintiff (*see Escalera v Favaro,* 298 AD2d 552 [2002]), and that she acted in good faith in reporting her suspicions. Although the qualified immunity provided by Social Services Law § 419 may be defeated by a showing that the person making the report was guilty of misconduct or gross negligence, the evidence which the plaintiff submitted in opposition to the motion was insufficient to raise a triable issue of fact as to whether the defendant engaged in misconduct or gross negligence so as to render the statutory shield ineffectual (*see Diaz v Montefiore Med. Ctr. Henry & Lucy Moses Div.,* 299 AD2d 254 [2002]). In this regard, we note that despite the fact that the reports were ultimately determined to be unfounded, "[m]andated reporters need not await conclusive evidence of abuse or maltreatment but must act on their reasonable suspicions and the law allows them a degree of latitude to err on the side of protecting children who may be suffering from abuse" (*Isabelle V. v City of New York,* 150 AD2d 312, 313 [1989]). Furthermore, while statements which are presumptively privileged pursuant to Social Services Law § 419 may be actionable if a plaintiff can prove that they were motivated by actual malice (*see Miller v Beck,* 82 AD2d 912 [1981]; *see also Sclar v Fayetteville-Manlius School Dist.,* 300 AD2d 1115 [2002]; *Escalera v Favaro, supra; Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk, supra),* here, the plaintiff failed to come forward with evidence raising an issue of fact as to whether the defendant acted with actual malice. Accordingly, the Supreme Court properly granted these branches of the defendant's motion which were for summary judgment dismissing the causes of action based on defamation and malicious prosecution upon the ground that Social Services Law § 419 immunizes her from liability. Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.