■ James P. Lentini, Appellant, v Frances Page, Respondent. [773 NYS2d 472]—

Spain, J. Appeal from an order of the County Court of Chenango County (Sullivan, J.), entered March 14, 2003, which granted defendant's motion for summary judgment dismissing the complaint.

On July 30, 2001, plaintiff's six-year-old son (hereinafter the child) was brought to the emergency department of a hospital by his mother for treatment of a laceration to his right ring finger which had occurred the previous day while the child was visiting plaintiff. Defendant, a registered nurse on triage duty

at the hospital, examined the child and concluded that he had not received proper care from plaintiff, a podiatrist, and should have received emergency care the day before. After consulting with her nursing supervisor and the emergency room physician, defendant reported to Child Protective Services (hereinafter CPS) her suspicion of plaintiff's maltreatment/abuse of the child. Following an investigation, CPS determined that there was no credible evidence to support the allegations and designated the report as "unfounded."

Plaintiff thereafter commenced this action in County Court, claiming that defendant had willfully made false statements against him with the intent of inflicting harm by reporting her suspicion to CPS. The court later granted defendant's motion for summary judgment and dismissed the complaint, finding that defendant is entitled to qualified immunity per Social Services Law § 419 and that plaintiff failed to submit evidence to overcome defendant's presumed good faith. Plaintiff appeals and we affirm, agreeing with County Court's well-reasoned decision.

Social Services Law § 419 affords immunity to those who participate in the investigation of or make a report of suspected child abuse or maltreatment, provided "they act within the scope of their employment and do not engage in willful misconduct or gross negligence" (*Van Emrik v Chemung County Dept. of Social Servs.*, 220 AD2d 952, 953 [1995], *lv dismissed* 88 NY2d 874 [1996]). For mandatory reporters such as defendant, a registered nurse (*see* Social Service Law § 413 [1]; *Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk*, 130 AD2d 623, 625 [1987]), their good faith "shall be presumed" (Social Services Law § 419; *see Escalera v Favaro*, 298 AD2d 552, 553 [2002]), provided they were discharging their duties and acting within the scope of their employment without gross negligence or willful misconduct (*see Rine v Chase*, 309 AD2d 796, 797 [2003]). "The reporting requirements which trigger the qualified immunity provision contained in Social Services Law § 419 are not predicated upon actual or conclusive proof of abuse or maltreatment. Rather, immunity attaches when there is reasonable cause to suspect that the [child] might have been abused and when the party so reporting has acted in good faith in discharging the obligations and duties imposed by the statute" (*Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk, supra* at 624; *see Rine v Chase, supra* at 797-798).

Here, in support of her motion, defendant submitted her own affidavit and that of her nursing supervisor and the child's

hospital medical records establishing that she had reasonable cause to suspect that this child had been maltreated by plaintiff, and that in reporting to CPS she was discharging her statutory duties and following hospital policy, all in good faith (*see* Social Services Law §§ 413, 419; *Rine v Chase, supra*). In so doing, defendant made a prima facie showing of entitlement to judgment, as a matter of law, dismissing the complaint (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 630 [1997]).

In opposition, plaintiff submitted only his own affidavit, the child's medical records and various CPS documents. This evidence was patently insufficient to raise a triable issue of fact as to whether defendant had engaged in willful misconduct or acted with gross negligence or outside the scope of her nursing duties, so as to overcome the statutory immunity shield afforded by Social Services Law § 419 (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]; *Rine v Chase, supra*; *Van Emrik v Chemung County Dept. of Social Servs., supra* at 953-954; *Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk, supra* at 625-626). Plaintiff's reliance on a remark in the uncertified, unsworn medical records of the plastic surgeon who treated the child—that plaintiff's described initial treatments of the injury "sound perfectly appropriate"—does not overcome defendant's entitlement to summary judgment, as "[u]ncertified medical records and unsworn letters or reports are of no probative value" (*Parmisani v Grasso*, 218 AD2d 870, 872 [1995]). Plaintiff's claims in his affidavit that the emergency room physician and radiologist agreed that the suspicion of inappropriate care was groundless are not supported by any competent evidence in this record. Moreover, despite the fact that defendant's initial diagnosis of "partial amputation" of the tip of his finger may well have been incorrect, plaintiff submitted no medical affidavits or affirmations or other probative proof supporting his speculative claims that defendant had engaged in any misconduct or gross negligence, that defendant's suspicions had been groundless, or to rebut the presumption of good faith (*see Ross v City of New York*, 302 AD2d 232, 233 [2003]). Thus, County Court correctly granted defendant's motion for summary judgment dismissing the complaint.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.