■ JOHN HACHMANN et al., Respondents, v COUNTY OF NASSAU et al., Defendants, and JERICHO HIGH SCHOOL et al., Appellants. [818 NYS2d 102]—

In an action, inter alia, to recover damages for libel and slander, the defendants, Jericho High School, Jericho Union Free School District, Gerard J. Cairns, Isben Jeudy, and Claire Hochheiser, appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated July 18, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by adding thereto, after the word "denied," the words "without prejudice to renewal after discovery is completed"; as so modified, the order is affirmed, without costs or disbursements.

In this action, inter alia, to recover damages for defamation for allegedly making a false complaint to Child Protective Services (hereinafter CPS), the defendants Jericho High School, Jericho Union Free School District, Gerard J. Cairns, Isben Jeudy, and Claire Hochheiser (hereinafter the defendants), moved for summary judgment alleging that they were immune from liability pursuant to Social Services Law § 419. Social Services Law § 419 provides that a person making a report of suspected child abuse to CPS is immune from liability if he or she acts in good faith, and that a school official acting in the scope of his or her employment is presumptively acting in good faith so long as the person is not guilty of "willful misconduct or gross negligence."

In support of their contention that there was reasonable cause to believe that the child had been abused and that they were acting in good faith (*see Lentini v Page,* 5 AD3d 914 [2004]; *Rine v Chase,* 309 AD2d 796, 798 [2003]), the defendants submitted the affidavit of the defendant Gerard J. Cairns, the

school principal, who stated that the complaint to CPS was based upon communications between the child and the school psychologist which were relayed to him. No affidavit from the school psychologist was submitted.

In opposition, the plaintiffs asserted that the allegations of child abuse were totally false and motivated by actual malice. The plaintiffs alleged that on November 7, 2003, when the complaint to CPS was made, the plaintiff John Hachmann had, earlier in the day, threatened to make a complaint to the superintendent about an issue relating to one of his son's classes. The plaintiff John Hachmann contends that when he asked the principal why he called CPS, the principal stated "I can do anything I want to." This was not refuted in the defendants' reply to the plaintiffs' opposition to their motion. Sufficient facts were alleged to raise an issue of fact as to malice (*see Stratakis v Ferncliff Manor Home for Handicapped,* 308 AD2d 397, 398 [2003]).

Therefore summary judgment was properly denied at this juncture. However, the defendants should have been given an opportunity to renew their motion upon the completion of discovery (*Salm v Feldstein,* 20 AD3d 469, 470 [2005]). Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.