■ NANCI ZORNBERG, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants. [815 NYS2d 719]—

In an action, inter alia, to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), dated September 28, 2004, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), 3016 (a), and 3212, and, in effect, granted the plaintiff's motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, inter alia, to recover damages for defamation based upon the filing of a false report of child abuse. Assuming the truth of the allegations in the complaint, and giving the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Pankin v Cronin*, 12 AD3d 492, 493 [2004]), the complaint states a cause of action (*see Vaz v Sipsas*, 1 AD3d 503 [2003]). Moreover, the court did not abuse its discretion by, in effect, granting the plaintiff leave to amend the complaint to clarify her claims (*see Smith v Peterson Trust*, 254 AD2d 479 [1998]; *Sullivan v Board of Educ. of Eastchester Union Free School Dist.*, 131 AD2d 836 [1987]).

Although the defendants are entitled to immunity from liability based upon the good-faith making of a report of suspected child abuse (*see* Social Services Law § 419; *Escalera v Favaro*, 298 AD2d 552 [2002]), and the good faith of any person required to report cases of suspected child abuse shall be presumed (*see* Social Services Law § 419; *Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk*, 130 AD2d 623, 624 [1987]), the complaint alleged facts sufficient to support a claim of actual malice (*Vaz v Sipsas, supra*).

The defendants failed to establish their entitlement to summary judgment on the ground of immunity, as the evidence they submitted failed to demonstrate that they acted in good faith in making the report of suspected abuse against the plaintiff (*cf.*

*Escalera v Favaro, supra; Rine v Chase,* 309 AD2d 796, 798 [2003]). Florio, J.P., Adams, Santucci and Lunn, JJ., concur.