■ MICHAEL HLAVATY et al., Appellants, v JOHN SAN FILIPPO, Respondent. [826 NYS2d 99]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated January 25, 2006, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and 3212.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and 3212 is denied.

The Supreme Court erred in dismissing the second cause of action, which alleged an intentional tort, pursuant to CPLR 3211 (a) (7). Assuming the truth of the pertinent allegations, and giving the plaintiffs the benefit of every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Zornberg v North Shore Univ. Hosp.,* 29 AD3d 986 [2006]), the complaint states a cause of action sounding in intentional tort. Accordingly, we deny that branch of the defendant's motion which was to dismiss the second cause of action pursuant to CPLR 3211 (a) (7).

Further, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the first and third causes of action, alleging,

respectively, negligence and loss of consortium. We conclude that, while the defendant made a prima facie showing of entitlement to judgment as a matter of law on the ground the injured plaintiff, Michael Hlavaty, assumed the risk of his injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), the plaintiffs raised triable issues of fact as to the applicability of that doctrine under the circumstances of this case (*see Convey v City of Rye School Dist.*, 271 AD2d 154 [2000]). Accordingly, that branch of the defendant's motion which was to dismiss the first and third causes of action pursuant to CPLR 3212 should have been denied. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.