Karen Goldberg et al., Appellants, v Page Edson et al., Respondents, et al., Defendants. [838 NYS2d 145]—

In an action, inter alia, to recover damages for legal malpractice and medical malpractice, the plaintiffs appeal, as limited their brief, from (1), so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated January 5, 2006, as granted that branch of the motion of the defendants Page Edson and the County of Rockland which was for summary judgment dismissing the complaint insofar as asserted against them, and (2), so much of an order of the same court dated January 23, 2006, as granted that branch of the motion of the defendant Elizabeth O'Connor which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendants Page Edson and the County of Rockland (hereinafter the County) established their prima facie entitlement to judgment as a matter of law by showing that pursuant to Social Services Law § 419 they are immune from liability in connection with the reporting of the suspected abuse and the removal of the subject child. In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]; Gershman v Habib, 37 AD3d 530 [2007]). As a social services worker, Edson was a mandated reporter pursuant to Social Services Law § 413. Under that statute, mandated reporters, inter alia, "are required to report or cause a report to be made . . . when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child" (Social Services Law § 413 [1]), and "the law allows them a degree of latitude to err on the side of protecting children who may be suffering from abuse" (Rine v Chase, 309 AD2d 796, 798 [2003], quoting Isabelle V. v City of New York, 150 AD2d 312, 313 [1989]). Immunity attaches where there is reasonable cause to suspect that the child might have been abused, and where the reporting party has acted in good faith (see Lentini v Page, 5 AD3d 914, 915 [2004]). There is no evidence in the rec-

ord that Edson was guilty of willful misconduct or gross negligence so as to overcome the statutory presumption of good faith.

The court properly granted that branch of the motion of the defendant Elizabeth O'Connor which was for summary judgment dismissing the complaint insofar as asserted against her. O'Connor presented evidence prima facie establishing her entitlement to summary judgment by demonstrating that she was not negligent in rendering her legal services to the plaintiff Karen Goldberg (*see Goldberg v Lenihan*, 38 AD3d 598 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.