■ KAREN GOLDBERG et al., Respondents, v PAGE EDSON et al., Defendants, and GAIL S. CHORNEY, Appellant. [837 NYS2d 326]—

In an action, inter alia, to recover damages for legal malpractice and medical malpractice, the defendant Gail S. Chorney appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.) dated April 3, 2006, as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Gail S. Chorney is granted.

The defendant Gail S. Chorney established her prima facie entitlement to judgment as a matter of law by demonstrating that she is immune from liability pursuant to Social Services Law § 419, as a physician who participated in an investigation of child abuse, even though she did not make the initial report of suspected abuse (*see William M. v Laub*, 149 AD2d 475, 476 [1989]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]; *Gershman v Habib*, 37 AD3d 530 [2007]). The record shows that Dr. Chorney was not guilty of willful

misconduct or gross negligence such that the statutory presumption of good faith was overcome. Given that the medical evidence indicated that the child had been abused, it cannot be said that the tests performed by Chorney were not medically indicated. Furthermore, there is no evidence that Chorney acted with any malice toward the mother or any other member of the child's family in participating in the investigation.

The affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact because his opinion is unsupported by the facts in the record. Dr. Chorney, in making her report of abuse, did not rule out brittle bone disease (*see Micciola v Sacchi*, 36 AD3d 869, 871 [2007]).

The plaintiffs' remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.