■ MARCIA BIONDO, Respondent, et al., Plaintiff, v OSSINING UNION FREE SCHOOL DISTRICT, et al., Appellants. [888 NYS2d 75]—

In an action, inter alia, to recover damages for negligence and defamation, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 20, 2008, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Marcia Biondo.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for inadequate hiring, training, and supervision by the defendant Ossining Union Free School District insofar as asserted by the plaintiff Marcia Biondo, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On November 15, 2004 the defendant Nelly Garcia, a "family specialist" employed by the defendant Ossining Union Free School District (hereinafter the school district), and Zoila Tazi, the coordinator of the school district's "First Steps" pre-school program which offered a "Little School" class for two-year-old children, reported to the State Child Protective Services "hotline" an incident of alleged child abuse or maltreatment of a child in a "Little School" class by the child's mother, the plaintiff Marcia Biondo (hereinafter the plaintiff). After the plaintiff and her husband Lawrence Biondo commenced this action, Garcia testified at a deposition that the plaintiff, who was visiting the class, hit her son on the hand hard enough to leave a red mark after he threw a cookie at snack time. Garcia also testified that the plaintiff seemed irritable and angry and was physically aggressive with her son during the class. Patricia Ortiz, the class teacher, also averred that the plaintiff hit the child's hand, making a sound. By contrast, the plaintiff testified that she merely tapped her son's hand when he threw the cookie and told him softly, "[d]on't do that, it's not nice." Subsequently, Child Protective Services (hereinafter CPS) investigated the November 15, 2004 report and deemed it unfounded.

The defendants moved for summary judgment dismissing the complaint on the ground that they were entitled to immunity from liability pursuant to Social Services Law §§ 413 and 419. The plaintiffs opposed the motion on the ground that the defendants did not have reasonable cause to suspect possible child abuse or maltreatment of their son based on the November 15, 2004 incident and that the defendants acted in bad faith in

reporting the incident to CPS. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Lawrence Biondo, and otherwise denied the motion.

School officials are required to make a report to the statewide central register of child abuse and maltreatment or the local child protective service "when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child" (Social Services Law § 413 [1]; § 415; *see Goldberg v Edson,* 41 AD3d 428 [2007]). Such "mandatory reporters" are granted immunity from liability for making good faith child protective reports (*see* Social Services Law § 419; *Forrest v Berlin Cent. School Dist.,* 29 AD3d 1230, 1231 [2006]; *Vaz v Sipsas,* 1 AD3d 503, 504 [2003]; *Escalera v Favaro,* 298 AD2d 552, 553 [2002]). Immunity attaches where there is reasonable cause to suspect that the child might have been abused and where the party has acted in good faith (*see Goldberg v Edson,* 41 AD3d at 428; *Lentini v Page,* 5 AD3d 914, 915 [2004]; *Rine v Chase,* 309 AD2d 796, 797 [2003]; *Dagan v Brookdale Hosp. Med. Ctr.,* 202 AD2d 385, 386 [1994]; *Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk,* 130 AD2d 623, 625 [1987]). A school official acting in the scope of his or her employment is presumptively acting in good faith so long as the person is not guilty of willful misconduct or gross negligence (*see* Social Services Law § 419; *Scholz v Wright,* 57 AD3d 645, 646 [2008]; *Zornberg v North Shore Univ. Hosp.,* 29 AD3d 986 [2006]; *Hachmann v County of Nassau,* 29 AD3d 952 [2006]).

The Supreme Court properly determined that there are triable issues of fact as to whether the defendant school district employees had reasonable cause to suspect possible child abuse or maltreatment of the subject child by the plaintiff and whether those defendants reported the alleged abuse or maltreatment in good faith. However, the Supreme Court erred in failing to grant summary judgment dismissing the cause of action alleging inadequate hiring, supervision, and training by the defendant school district insofar as asserted by the plaintiff. In response to the school district's prima facie showing that it provided adequate training and supervision to the defendant school district employees on the issue of child abuse and maltreatment reporting, the plaintiffs failed to raise a triable issue of fact. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.