16-3395
*Dole v. Huntington Union Free Sch. Dist.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

       **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 1st day of November, two thousand seventeen.**

Present:     ROBERT A. KATZMANN,
                        *Chief Judge*,
                   RAYMOND J. LOHIER, JR.,
                   CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

_____

LOUISE DOLE, JOHN M. DOLE, individually and
on behalf of John P. Dole,

                        *Plaintiffs-Appellants*,
                v.                                                No. 16-3395-cv

HUNTINGTON UNION FREE SCHOOL
DISTRICT, BOARD OF EDUCATION OF THE
HUNTINGTON UNION FREE SCHOOL
DISTRICT,

                        *Defendants-Appellees*.

_____

FOR PLAINTIFFS-APPELLANTS:     Jonathan A. Tand, Jonathan A. Tand & Associates P.C., Garden City, NY.

FOR DEFENDANTS-APPELLEES:     Kelly Reape, Guercio & Guercio, LLP, Farmingdale, NY.

1

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Louise and John Dole appeal from the judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) entered September 8, 2016, granting summary judgment to defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Doles brought a First Amendment retaliation claim and a substantive due process claim, both pursuant to 42 U.S.C. § 1983, based on a series of events involving their son, J.P.D., at his school. One day after Louise Dole complained to school officials about pervasive bullying at J.P.D.'s school, school officials called Child Protective Services ("CPS"), an action that the Doles allege was retaliation for remarks made by Louise Dole. The Doles further allege that their substantive due process rights were violated by the school officials' call to CPS and treatment of J.P.D. during an investigation after J.P.D.'s comments led the teacher to suspect child abuse. The district court granted summary judgment to the defendants on both claims, and the Doles now appeal.

"We review *de novo* a district court's grant of summary judgment, 'construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.'" *Minda v. United States*, 851 F.3d 231, 234 (2d Cir. 2017) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). "Our task is 'to determine whether the district court properly concluded that there was no genuine dispute as to any material fact, such that the moving party was entitled to judgment as a matter of law.'" *Id.* (quoting *Myers*

*v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016)). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The district court properly granted summary judgment on both the First Amendment retaliation and substantive due process claims. With respect to the First Amendment retaliation claim, "school official[s]," including teachers, "are required to report [to CPS] . . . when they have reasonable cause to suspect that a child coming before them in their professional . . . capacity is an abused or mistreated child." N.Y. Soc. Serv. Law § 413(1)(a). "The state's interest in encouraging teachers to protect students is so powerful that New York confers immunity from civil and criminal liability whenever they report suspected abuse in good faith, and it exposes them to criminal and civil liability whenever they willfully fail to do so." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 273 (2d Cir. 2011). Under New York law, a "school official acting in the scope of his or her employment is presumptively acting in good faith so long as the person did not engage in willful misconduct or gross negligence." *Villarin v. Rabbi Haskel Lookstein Sch.*, 942 N.Y.S.2d 67, 71– 72 (N.Y. App. Div. 2012); *see also Escalera v. Favaro*, 749 N.Y.S.2d 263, 264 (N.Y. App. Div. 2002) ("To rebut the presumption of good faith, a plaintiff must demonstrate that a defendant was motivated by actual malice."). If the school officials who called CPS have "a sufficient basis to suspect potential abuse," we owe "'unusual deference'" to their "decision[s] to report reasonably suspected abuse and neglect." *Oglesby v. Eikszta*, 499 F. App'x 57, 60 (2d Cir. 2012) (quoting *Cox*, 235 F.3d at 274).

3

Contrary to the Doles' contention, there are no genuine disputes of material fact on this issue. The parties concede that J.P.D. told his teacher and the school psychologist that his father would break his toys and hit him with a back scratcher,[1] and that his father had grabbed his mother's wrists. The parties further concede that J.P.D. was upset and fearful when talking to his teacher and the school psychologist. Because these facts gave school officials "a sufficient basis to suspect potential abuse," *Oglesby*, 499 F. App'x at 60, and there is no "clear showing of retaliatory or punitive intent," *Cox*, 654 F.3d at 274, the call to CPS was not retaliatory and defendants are entitled to summary judgment on that basis.

With respect to the substantive due process claim, the Doles brought this action against the school district and the board of education, not the schools officials who interrogated J.P.D. and attempted to pull his pants down. A school district is a municipal entity, and as such, "cannot be held liable pursuant to § 1983 solely because of the discriminatory actions of one of its employees." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 128 (2d Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). As a result, a school "[d]istrict can . . . only be held liable if its 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Id.* (quoting *Monell*, 436 U.S. at 694). The Doles have not identified, either in the district court or on appeal, any policy requiring or permitting school officials to strip search a student of the opposite sex to find evidence of child abuse. Our independent review of the record demonstrates that such actions would actually *violate* the school district's policy. As a result, the Doles'

---

[1] The Doles argue that John M. Dole did not actually *hit* J.P.D. with a back scratcher, but instead "*tapped* him with a very small back scratcher." App. 59 ¶ 166.1 (emphasis added). At his deposition, J.P.D. testified that he "said, 'They hit me,' but [he] really meant to say 'tap me.'" App. 711:4-5. Regardless of what John M. Dole did or what J.P.D. meant, what J.P.D. *actually said to his teacher* was that his father hit him with a back scratcher.

substantive due process claim against the school district and the school board fails as a matter of law and the defendants are entitled to summary judgment.

We have considered all of the Doles' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk