17-1539
*Maco v. Baldwin Union Free School District*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand eighteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PIERRE N. LEVAL,
> > *Circuit Judge*,
> RICHARD M. BERMAN,
> > *District Judge*.[*]

_____

RHONDA L. MACO,

> *Plaintiff-Appellant*,

> v.                                         No. 17-1539

BALDWIN UNION FREE SCHOOL DISTRICT,
LORI A. PRESTI, CARRIE BILLITZKI, in their
official and individual capacities,

> *Defendants-Appellees*.

_____

[*] Judge Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

1

| | |
|---|---|
| For Plaintiff-Appellant: | MATTHEW WEINICK, Famighetti & Weinick, PLLC, Melville, NY. |
| For Defendants-Appellees: | GERALD S. SMITH, Silverman & Associates, White Plains, NY. |

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Rhonda L. Maco appeals the judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*) dismissing Maco's First Amendment retaliation claim against defendants-appellees Baldwin Union Free School District, Lori A. Presti, and Carrie Billitzki. Maco claims that Presti, in consultation with Billitzki, reported potential child abuse to a state agency in retaliation for a complaint Maco made about Billitzki's treatment of Maco's minor child, N.M. The district court held that no reasonable jury could find that the defendants had a retaliatory motive or that Maco sustained an injury. We assume the parties' familiarity with the remaining facts and procedural history of this case, as well as the issues on appeal. "We review a district court's grant of summary judgment de novo, resolving all ambiguities and drawing all reasonable factual inferences in favor of the party against whom summary judgment is sought." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (alterations and internal quotation marks omitted).

Maco's principal argument on appeal is that the defendants failed to show entitlement to judgment because a reasonable juror could find that Presti's report of suspected child abuse was

"motivated or substantially caused" by Maco's complaint about N.M.'s treatment. *See Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (per curiam). We disagree. Recognizing that we owe "unusual deference" to school administrators who are required by law to report suspected child abuse (or "mandated reporters"), we have held that, absent a "clear showing of retaliatory or punitive intent," *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 274 (2d Cir. 2011) (internal quotation marks omitted); *see* N.Y. Soc. Serv. Law § 413(a), where the administrator has "a sufficient basis to suspect potential abuse," *Oglesby v. Eikszta*, 499 F. App'x 57, 60 (2d Cir. 2012) (summary order), the report is, as a matter of law, not retaliatory, *Dole v. Huntington Union Free Sch. Dist.*, 699 F. App'x 85, 87 (2d Cir. 2017) (summary order).[1]

Here, N.M. told Presti that Maco had checked N.M. out of school and taken her home, where Maco had slapped her face multiple times and struck her three times with a belt. According to N.M., at one point, Maco stopped hitting N.M. and left the room, only to return and strike her again. School records showed that Maco had signed N.M. out of school for an appointment earlier that day. In our view, this was a "sufficient basis to suspect potential abuse," even though Presti's pre-report investigation was relatively brief and did not include speaking to N.M.'s teacher, Kristin Maldonado. *See Dole*, 499 F. App'x at 87.

Nor has Maco made a "clear showing of retaliatory or punitive intent." *See Cox*, 654 F.3d at 274. Maco's asserted protected speech is a complaint she made to Presti and Billitzki in June 2013, a full ten months prior to Presti's April 2014 report of suspected child abuse. Although

---

[1] Maco, relying on decisions interpreting Title VII of the Civil Rights Act of 1964, argues that a retaliation claim can lie even where there are "objectively valid grounds" for the retaliatory action. *See, e.g.*, *DeCintio v. Westchester Cty. Med. Ctr.*, 821 F.2d 111, 116 n.8 (2d Cir. 1987). However, as explained above, in the specialized context of a school administrator's decision to report suspected child abuse, a more demanding standard applies. *See Dole*, 699 F. App'x at 87 (citing *Cox*, 654 F.3d at 274).

Billitzki was admittedly upset with Maco's complaint at the time, there is no evidence in the record that her dissatisfaction persisted beyond June 2013, nor any evidence that Maco's complaint was a consideration when Presti reported the abuse. It is, of course, true that there is no "bright line . . . beyond which a temporal relationship is too attenuated to establish[] a causal relationship" in retaliation cases. *Summa v. Hofstra Univ.*, 708 F.3d 115, 128 (2d Cir. 2013) (first alteration in original). However, in this case, the lapse of time between speech and adverse action (and the lack of evidence connecting them) negates any inference of causation, even if, as Maco suggests, N.M.'s report of corporal punishment provided defendants with their "first actual opportunity to retaliate." *See id.*

Maco urges that a jury could nonetheless infer motive from a smattering of circumstantial evidence. We are not persuaded. Maco's strongest evidence is that Presti's report of suspected abuse contained two inaccurate statements: that the school had recommended that Maco have N.M. evaluated for mental health treatment and that Maco had not done so, which Maco denies. However, it is undisputed that, four days prior to Presti's report of suspected abuse, Maldonado told Maco she was "concerned about [N.M.'s] behavior" and proposed that N.M. see the school psychologist the following week, but Maco said she wanted more information before making an appointment. And although Maco had, in fact, independently had N.M.'s mental health evaluated eight months earlier, she concedes that this was not communicated to the defendants. Against that background, under the governing rules, a fact-finder could not reasonably find that the defendants' actions violated the plaintiff's First Amendment rights.

Maco's remaining evidence is even less probative of retaliatory motive. She points out, for example, that Presti reported the suspected abuse without first discussing N.M.'s behavior

4

with Maldonado, even though Presti allegedly should have known that N.M. was a habitual liar. However, because Presti correctly evaluated N.M.'s credibility on the day in question—Maco had, in fact, taken N.M. out of school and struck her multiple times—this evidence is scarcely probative of motive. Maco also points out that Presti has, at different times, cited two reasons for reporting suspected child abuse: the corporal punishment and Maco's supposed failure to obtain treatment for N.M. Although these factors can, in some circumstances, support an inference of retaliatory motive, we conclude that Maco's evidence falls short of the requisite "clear showing of retaliatory or punitive intent." *See Cox*, 654 F.3d at 274.

Accordingly, in light of the "unusual deference" we owe to school administrators' "decisions to report reasonably suspected abuse and neglect," we conclude that Presti's report was non-retaliatory as a matter of law. *See Dole*, 699 F. App'x at 87 (alteration omitted) (quoting *Oglesby*, 499 F. App'x at 60).[2]

We have considered the plaintiff's remaining arguments and found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Because we conclude that Maco has failed to satisfy the causation element of her claim, we do not reach her argument that the district court incorrectly held that Maco also failed to show she suffered a "concrete harm."