Hunter v Lourdes Hosp. (2019 NY Slip Op 05831)





Hunter v Lourdes Hosp.


2019 NY Slip Op 05831


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527968

[*1]PATRICK HUNTER et al., Individually and as Parents and Guardians of S.H., an Infant, Respondents,
v
LOURDES HOSPITAL et al., Appellants.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Thorn Gershon Tymann and Bonanni, LLP, Albany (Erin Mead of counsel), for Lourdes Hospital, appellant.
Phelan, Phelan & Danek, LLP, Albany (Timothy S. Brennan of counsel), for Matthew Bludorn, appellant.
Leonard & Cummings, LLP, Binghamton (Patricia A. Cummings of counsel), for respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Tait, J.), entered April 26, 2018 in Broome County, which, among other things, denied defendants' motions for partial summary judgment dismissing the complaint.
On March 18, 2017, plaintiffs noticed a lump on the right side of their two-year-old son's head and thereafter consulted with the child's pediatrician, as well as his maternal grandfather, Kevin Hastings, a licensed physician. As a result of those consultations, plaintiffs brought their child to defendant Lourdes Hospital for an outpatient X ray. According to the complaint, the radiologist contacted Hastings a few hours later and indicated that the X ray revealed "a narrow skull fracture." Plaintiffs then brought the child to the emergency department at Lourdes Hospital, where defendant Matthew Bludorn examined the child, diagnosed him with a skull fracture and recommended that he be transferred to a different hospital for further examination and treatment. During the course of Bludorn's examination, plaintiffs were unable to state with certainty how the child had sustained the head injury, but surmised that it could have occurred during one of two incidents that had occurred up to 10 days earlier. Unsatisfied with plaintiffs' explanations for how and when the child had fractured his skull, Bludorn made a report to Child Protective Services (hereinafter CPS), wherein he expressed a suspicion that the child's head injury could have been the result of nonaccidental trauma. CPS opened an investigation and ultimately determined the report to be unfounded.
In September 2017, plaintiffs commenced this action, asserting a claim for, as relevant here, defamation per se based upon Bludorn's unsubstantiated CPS report. Following joinder of issue, Bludorn and Lourdes Hospital separately moved for partial summary judgment dismissing plaintiffs' defamation claim on the ground that they were entitled to immunity from liability pursuant to Social Services Law §§ 413 and 419. Supreme Court found that triable issues of fact precluded dismissal of plaintiffs' defamation claim and, as relevant here, denied defendants' motions for partial summary judgment dismissing that cause of action [FN1]. Defendants appeal.
Defendants argue that they cannot be held liable for defamation because Bludorn was merely discharging his statutory obligation under Social Services Law § 413 to report his suspicion of abuse or maltreatment. Social Services Law § 413 requires certain individuals, including physicians like Bludorn, to make a child protective report whenever "they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child." Where these mandated reporters discharge their reporting duties in good faith, they are accorded qualified immunity from civil liability (see Social Services Law § 419). A mandated reporter's good faith "shall be presumed, provided [that] such person . . . was acting in the discharge of [his or her] duties and within the scope of [his or her] employment, and . . . such liability did not result from the willful misconduct or gross negligence of such person" (Social Services Law § 419; see Rine v Chase, 309 AD2d 796, 797 [2003]). "The reporting requirements [that] trigger the qualified immunity provision in Social Services Law § 419 are not predicated upon actual or conclusive proof of abuse or maltreatment. Rather, immunity attaches when there is reasonable cause to suspect that the infant might have been abused and when the party so reporting has acted in good faith in discharging the obligations and duties imposed by the statute" (Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk, 130 AD2d 623, 625 [1987]; accord Lentini v Page, 5 AD3d 914, 915 [2004]; Rine v Chase, 309 AD2d at 797-798).
Bludorn stated in an affirmation that, based upon the seriousness of the injury and plaintiffs' "inability to explain definitively how and when the injury occurred," he suspected that the child's skull fracture "could have possibly been a result of non-accidental trauma." The child's medical records and the social worker's written assessment confirmed that plaintiffs had expressed uncertainty as to what had caused the child's skull fracture and that they had offered two different possible explanations, both of which involved incidents that had occurred several days before they sought medical treatment for the child. Bludorn averred that he made the child protective report in good faith and that, in so reporting, he had no intent other than discharging his statutory duties under Social Services Law § 413 and protecting the interests of his patient. This evidence, together with the statutory presumption of good faith (see Social Services Law § 419), established that Bludorn — acting in the scope of his employment as an emergency room physician — had reasonable cause to suspect that the child's skull fracture may have been the result of abuse or maltreatment and that he was acting in good faith when he discharged his statutory duty to report that suspicion (see Lentini v Page, 5 AD3d at 915-916; Rine v Chase, 309 AD2d at 798; Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk, 130 AD2d at 625-626). Accordingly, defendants established their prima facie entitlement to dismissal of plaintiffs' defamation claim as a matter of law, thereby shifting the burden to plaintiffs to raise a question of fact as to whether defendants were immune from liability under Social Services Law § 419 (see Goldberg v Edson, 41 AD3d 429, 429 [2007]).
In opposition, plaintiffs submitted an affirmation from Hastings, who stated that Bludorn was "grossly negligent" in evaluating, assessing and diagnosing the child and that such gross negligence was a substantial factor in causing Bludorn to suspect that the skull fracture may have been caused by nonaccidental means. However, Hastings failed to support his conclusory assertion of gross negligence with evidence that could support the conclusion that Bludorn's reporting of his suspicion of nonaccidental trauma constituted "a failure to use even slight care" [*2]or was "so careless as to show complete disregard for the rights and safety of others" (PJI 2:10A; see Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1154-1155 [2017]; Kleartone Transparent Prods. Co. v Dun & Bradstreet, 88 AD2d 353, 356 [1982]). In short, plaintiffs failed to raise a triable issue of fact as to defendants' immunity under Social Services Law § 419. Accordingly, defendants' motions for partial summary judgment dismissing the defamation cause of action are granted (see Goldberg v Edson, 41 AD3d at 429-430; Rine v Chase, 309 AD2d at 798).
Garry, P.J., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' motions for partial summary judgment dismissing the defamation cause of action; said motions granted, partial summary judgment awarded to defendants and said cause of action dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: Supreme Court granted Lourdes Hospital's alternative request for leave to amend its answer.