■ RODNEY WEHLING, Respondent, v BAYEX, INC. et al., Appellants. [670 NYS2d 277] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of defendants' motion for summary judgment seeking dismissal of the defamation cause of action. The allegations in the amended complaint, together with the attached documents, meet the particularity requirement of CPLR 3016 (a) (*see, Sassower v New York News,* 101 AD2d 1020, 1021; *see also, Chime v Sicuranza,* 221 AD2d 401, 402). Although qualified privileges would ordinarily attach to the communications allegedly made to law enforcement officials (*see, Toker v Pollak,* 44 NY2d 211) and in internal corporate documents (*see, Foster v Churchill,* 87 NY2d 744, 751; *Mansour v Abrams,* 144 AD2d 905), plaintiff raised triable issues of fact whether those communications were made with malice (*see, Loughry v Lincoln First Bank,* 67 NY2d 369, 376; *O'Neil v Peekskill Faculty Assn.,* 120 AD2d 36, 43, *lv dismissed* 69 NY2d 984).

The court also properly denied that part of the motion seeking dismissal of that part of the third cause of action alleging that defendants unlawfully discriminated against plaintiff because of a physical disability (*see,* Executive Law § 296 [1] [a]). Although defendants submitted proof that plaintiff was fired for misconduct, plaintiff responded with proof that "the misconduct claimed as the reason for firing plaintiff [is] a sham, giving rise to an inference of an improper motive" (*Miano v Caterpillar Tractor Co.,* 184 AD2d 807, 808).

Defendants are entitled to summary judgment, however, dismissing that part of the third cause of action alleging a violation of Workers' Compensation Law § 120. That alleged violation falls within the exclusivity of the Workers' Compensation Law (*see, Williams v Brooklyn Union Gas Co.,* 819 F Supp 214, 231; *Burlew v American Mut. Ins. Co.,* 63 NY2d 412, 416). We therefore modify the order by dismissing that part of the third cause of action alleging defendants' violation of Workers' Compensation Law § 120 and otherwise affirm. (Appeal from Order of Supreme Court, Orleans County, Gorski, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Balio and Boehm, JJ.