■ ANNA VANDERHURST, Respondent, v PASQUALE NOBILE et al., Appellants. [13 NYS3d 231]—In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered April 30, 2014, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). On a summary judgment motion, a moving defendant does not meet its burden of affirmatively establishing its entitlement to summary judgment by merely pointing to gaps in the plaintiff's case; rather, it must affirmatively demonstrate the merit of its defense (*see Collado v Jiacono*, 126 AD3d 927 [2015]).

Here, the affirmation of the defendants' attorney that was submitted in support of the motion, along with the transcripts of the parties' deposition testimony, was insufficient to establish the defendants' prima facie entitlement to judgment as a matter of law. While the defendants submitted the deposition transcript of the defendant Natacha Nobile to support her contention that no accident in fact occurred, and that the complained of incident was a "hoax" or a "scam," the plaintiff's deposition transcript, which was also submitted by the defendants, supports the plaintiff's contention that she was struck by a vehicle owned and operated by the defendants while she was walking in a crosswalk. Where, as here, conflicting inferences can be drawn from the evidence and issues of credibility exist, summary judgment should not be granted (*see Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010]). In light of the defendants' failure to meet their prima facie burden, their motion was properly denied without consideration of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.