EILEEN LORENZO, as Administrator of the Estate of STEVE M. LORENZO, Deceased, Respondent, v 7201 OWNERS CORP., Appellant. [20 NYS3d 123]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated January 20, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, as administrator of the estate of Steve M. Lorenzo (hereinafter the decedent), commenced this action alleging that the decedent slipped and fell as a result of a crack in the floor of the defendant's premises. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff "has no means of proving her case" because there is no evidence that the alleged crack was the cause of the fall other than the decedent's hearsay statements, and that dismissal of the complaint was warranted because of the plaintiff's alleged spoliation of certain photographic evidence.

A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case (*see Walinchus v Lubeck*, 124 AD3d 631, 632 [2015]; *Maloney v Farris*, 117 AD3d 916 [2014]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]). It was not the plaintiff's burden to show, in the first instance, that the decedent fell as a result of the alleged crack. Rather, it was the defendant's burden to show, in the first instance, that the alleged crack was not the cause of the decedent's fall (*see Bivins v Zeckendorf Realty*, 289 AD2d 123, 124 [2001]; *Tiles v City of New York*, 262 AD2d 174 [1999]). The defendant failed

to meet its burden in this regard. Further, since the defendant failed to establish that the plaintiff's alleged spoliation of certain photographs fatally compromised the defendant's ability to prove its defense, it failed to establish that dismissal of the complaint was warranted on that ground (see *Morales v City of New York*, 130 AD3d 792, 793-794 [2015]; *Pennachio v Costco Wholesale Corp.*, 119 AD3d 662, 663-664 [2014]; *Murillo v Porteus*, 108 AD3d 750, 752 [2013]). In its motion, the defendant did not request any alternative sanction based on the alleged spoliation.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.