■ DINA D'AMICO, Appellant-Respondent, v MARINA ZINGARO, Respondent-Appellant, et al., Defendants. [24 NYS3d 339]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 6, 2013, as granted that branch of the motion of the defendant Marina Zingaro which was for summary judgment dismissing so much of the first cause of action as alleged that the defendant Marina Zingaro made defamatory statements to the Internal Affairs Bureau of the New York City Police Department, and the defendant Marina Zingaro cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the third counterclaim in her amended answer.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, that branch of the motion of the defendant Marina Zingaro which was for summary judgment dismissing so much of the first cause of action as alleged that the defendant Marina Zingaro made defamatory statements to the Internal Affairs Bureau of the New York City Police Department is denied, and that branch of the plaintiff's cross motion which was for summary judgment dismissing the third counterclaim asserted in the amended answer of the defendant Marina Zingaro is denied.

In June 2008, the plaintiff commenced this action against, among others, Marina Zingaro, to recover damages for, inter alia, defamation. The first cause of action to recover damages for defamation alleges, among other things, that Zingaro made defamatory statements to the Internal Affairs Bureau (hereinafter the IAB) of the New York City Police Department that the plaintiff was, inter alia, taking steroids. In an amended answer, Zingaro asserted counterclaims, including the third counterclaim, which is to recover damages for assault. In connection with that counterclaim, Zingaro alleged, among other things, that the plaintiff "deliberately drove her car towards [Zingaro] . . . and swerve[d] at the last minute to avoid hitting [Zingaro]." Zingaro moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her, and the plaintiff cross-moved, among other things, for summary judgment dismissing the third counterclaim to recover damages for assault. In an order dated May 6, 2013, the Supreme Court, inter alia, granted that branch of Zingaro's motion which was for summary judgment dismissing so much of the first cause of action in the complaint as alleged that Zingaro made defamatory statements to the IAB, and granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the third counterclaim to recover damages for assault.

The Supreme Court should have denied that branch of Zingaro's motion which was for summary judgment dismissing so much of the first cause of action in the complaint as alleged that she made defamatory statements to the IAB. In opposition to Zingaro's prima facie showing that the statements at issue were protected by a qualified privilege covering communications with the police (*see Toker v Pollak*, 44 NY2d 211, 220 [1978]; *Segall v Sanders*, 129 AD3d 819, 820 [2015]; *Wilson v Erra*, 94 AD3d 756, 757 [2012]), the plaintiff raised a triable issue of fact as to whether the statements were made with malice (*see Colantonio v Mercy Med. Ctr.*, 73 AD3d 966, 969 [2010]; *Wehling v Bayex, Inc.*, 248 AD2d 973, 973 [1998]; *O'Neil v Peekskill Faculty Assn.*, 120 AD2d 36, 43 [1986]). Viewing the allegations in the light most favorable to the plaintiff (*see Robinson Motor Xpress, Inc. v HSBC Bank, USA*, 37 AD3d 117, 119 [2006]), Zingaro's deposition testimony demonstrates that the alleged defamatory statements were made with an awareness of the falsity of those statements, and Zingaro's testimony that she did not make the statements attributed to her in the IAB reports raises questions of fact (*see Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 260-261 [1995]). Accordingly, the Supreme Court improperly granted that branch of Zingaro's

motion which was for summary judgment dismissing so much of the first cause of action in the complaint as alleged that she made defamatory statements to the IAB.

Furthermore, the Supreme Court should have denied that branch of the plaintiff's cross motion which was for summary judgment dismissing the third counterclaim to recover damages for assault. "On a summary judgment motion, a moving [party] does not meet its burden of affirmatively establishing its entitlement to summary judgment by merely pointing to gaps in [its opponent's] case; rather, it must affirmatively demonstrate the merit of its defense" (*Vanderhurst v Nobile,* 130 AD3d 716, 717 [2015]). Here, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law dismissing the assault counterclaim as time-barred, insofar as she merely pointed to gaps in Zingaro's proof as to when the alleged assault occurred (*see Thompson v Horwitz,* 100 AD3d 864 [2012]). Further, the plaintiff failed to meet her prima facie burden of demonstrating the absence of any material issues of fact as to whether she intended to place Zingaro in imminent apprehension of harmful conduct given the manner in which she allegedly drove her car towards Zingaro and "swerve[d] at the last minute to avoid hitting [Zingaro]" (*see Marilyn S. v Independent Group Home Living Program, Inc.,* 73 AD3d 895, 897 [2010]). Since the plaintiff did not establish her prima facie entitlement to judgment as a matter of law dismissing the third counterclaim, it is unnecessary to consider the sufficiency of Zingaro's opposition papers (*see Healy v Damus,* 88 AD3d 848, 849 [2011]). Accordingly, the Supreme Court improperly granted that branch of the plaintiff's motion which was for summary judgment dismissing the third counterclaim to recover damages for assault. Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.