■ DIANE SETTER, Respondent, v FIRE ISLAND FERRIES, INCORPORATED, Appellant. [32 NYS3d 259]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated February 25, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was walking into the galley of her boat, which was docked in a marina, when an excessive surge of water from a wake caused her to fall and sustain injuries. The plaintiff commenced this action against the defendant, alleging that the excessive wake was caused by the defendant's negligent operation of its ferry, which entered the marina at an excessive rate of speed. The captain of the defendant's ferry that entered the marina at around the time of the accident had no independent recollection of anything that transpired that day.

"While the ultimate burden of proof at trial will fall upon the

plaintiff, a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form" (*Collado v Jiacono*, 126 AD3d 927, 928 [2015]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "On a summary judgment motion, a moving defendant does not meet its burden of affirmatively establishing its entitlement to summary judgment by merely pointing to gaps in the plaintiff's case; rather, it must affirmatively demonstrate the merit of its defense" (*Vanderhurst v Nobile*, 130 AD3d 716, 717 [2015]; *see D'Amico v Zingaro*, 135 AD3d 805, 807 [2016]; *Lorenzo v 7201 Owners Corp.*, 133 AD3d 641 [2015]).

Here, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Initially, the court should have considered the transcript of the deposition testimony of the captain of the defendant's ferry, as it was certified and the plaintiff never challenged its accuracy (*see Thomas v City of New York*, 124 AD3d 872, 873 [2015]). However, even considering that deposition testimony, the defendant failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. Specifically, the defendant failed to establish, prima facie, that the alleged excessive surge of water that caused the plaintiff to fall was not caused by the captain's negligent operation of the ferry (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lorenzo v 7201 Owners Corp.*, 133 AD3d 641 [2015]). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Accordingly, the Supreme Court properly denied the defendant's motion. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.