■ Abdus Shahid, Appellant, v City of New York, Respondent. [43 NYS3d 88]—

In an action to recover damages for injury to property, harassment, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated August 15, 2014, which granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and, in effect, pursuant to CPLR 3126 and 3042 to strike that portion of the complaint which alleged injury to property for failure to comply with its demand for a bill of particulars and discovery.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as alleged injury to property, and, in effect, pursuant to CPLR 3126 and 3042 to strike that portion of the complaint which alleged injury to property for failure to comply with its demand for a bill of particulars and discovery, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

In September 2012, the plaintiff commenced this action to recover damages for injury to property, harassment, and intentional infliction of emotional distress, based on allegations that contractors sent by the defendant, the City of New York, intentionally caused damage to his building located on Tompkins Avenue in Brooklyn in June and July 2012, that the City wrongfully issued notices of violation in 2010 and 2011, and that the City wrongfully commenced an enforcement action against him in July 2012. In the order appealed from, dated August 15, 2014, the Supreme Court granted those branches of the City's motion which were for summary judgment dismissing the complaint and, in effect, pursuant to CPLR 3126 and 3042 to strike that portion of the complaint which alleged injury to property for failure to comply with its demand for a bill of particulars and discovery.

As the City correctly contends, "New York does not recognize a common-law cause of action to recover damages for harassment" (*Adeniran v State of New York*, 106 AD3d 844, 845 [2013] [internal quotation marks omitted]; *see Wells v Town of Lenox*, 110 AD3d 1192, 1193-1194 [2013]; *Pollack v Cooperman*, 109 AD3d 973, 975 [2013]). Moreover, the City established, prima

facie, that the plaintiff failed to serve a timely notice of claim with respect to the notices of violation, which allegedly were wrongfully issued from January 1, 2010, through June 21, 2011 (*see* General Municipal Law §§ 50-e [1] [a]; 50-i [1] [a]; *Sun v City of New York*, 131 AD3d 1015, 1016 [2015]; *Shahid v City of New York*, 50 AD3d 770, 770 [2008]). In any event, the determinations to issue notices of violation, as here, under the Housing Maintenance Code were discretionary acts immune from liability (*see* NY City Housing Maintenance Code [Administrative Code of City of NY] § 27-2091 [a]; *California Suites, Inc. v Russo Demolition Inc.*, 98 AD3d 144, 155 [2012]; *Della Villa v Constantino*, 246 AD2d 867, 868-869 [1998]; *Wolfanger v Town of W. Sparta*, 245 AD2d 1071 [1997]). Further, "[p]ublic policy bars claims sounding in intentional infliction of emotional distress against a governmental entity" (*Matter of Gottlieb v City of New York*, 129 AD3d 724, 727 [2015] [internal quotation marks omitted]; *see Eckardt v City of White Plains*, 87 AD3d 1049, 1051 [2011]). Although the City raises the latter argument for the first time on appeal, it may be reached, since it involves a question of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture (*see Seldon v Allstate Ins. Co.*, 107 AD3d 424, 424 [2013]; *Muniz v Mount Sinai Hosp. of Queens*, 91 AD3d 612, 618 [2012]; *Block v Magee*, 146 AD2d 730, 732-733 [1989]).

Accordingly, the City established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged harassment and intentional infliction of emotional distress. Since the plaintiff failed to raise a triable issue of fact in opposition, the Supreme Court properly granted those branches of the City's motion which were for summary judgment dismissing that portion of the complaint.

However, the Supreme Court should have denied that branch of the City's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for injury to property allegedly caused by the City's contractors. The City contended that the plaintiff failed to offer any credible or admissible evidence in support of the claim that its contractors caused the alleged property damage. "A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (*Lorenzo v 7201 Owners Corp.*, 133 AD3d 641, 641 [2015]; *see Williams v CVS Pharmacy, Inc.*, 126 AD3d 890, 892-893 [2015]; *Montemarano v Atlantic Express Transp. Group, Inc.*, 123 AD3d 675, 675-676 [2014]). On appeal, the City contends that the property damage may have resulted

from discretionary governmental acts in making emergency repairs. This contention, which is based on new factual allegations, is improperly raised for the first time on appeal and, accordingly, is not properly before this Court (*see Carillon Nursing & Rehabilitation Ctr., LLP v Fox*, 118 AD3d 933, 934-935 [2014]). Since the City did not establish its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged injury to property, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers with respect to that issue (*see D'Amico v Zingaro*, 135 AD3d 805, 807 [2016]).

Moreover, the Supreme Court improvidently exercised its discretion in granting that branch of the City's motion which was, in effect, pursuant to CPLR 3126 and 3042 to strike that portion of the complaint which alleged injury to property for failure to comply with its demand for a bill of particulars and discovery. The City did not assert or demonstrate that the plaintiff's failure to comply with its demand for a bill of particulars and discovery was willful and contumacious (*see* CPLR 3042 [c], [d]; 3126 [3]; *6 Harbor Park Dr., LLC v Town of N. Hempstead*, 127 AD3d 1065, 1066 [2015]; *Charter One Bank v Houston*, 300 AD2d 429, 430 [2002]; *Randazzo v Our Lady of Mercy Med. Ctr.*, 284 AD2d 158, 158 [2001]). Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.