■ JIANN HWA FANG, Individually and as Administrator of the Estate of CHENG CHUI INN FANG, Deceased, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants, and MTA BUS COMPANY, Appellant. [48 NYS3d 758]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant MTA Bus Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered January 12, 2016, as denied that branch of its motion, made jointly with the defendant Metropolitan Transportation Authority, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the evening of March 7, 2013, Cheng Chui Inn Fang (hereinafter the decedent) was struck and killed by a motor vehicle while she was crossing the intersection of Springfield Boulevard and 73rd Avenue in Queens. A 911 call reporting that the decedent had been "hit by a bus" was made by a passenger who had just alighted from MTA bus number 3386 near the accident site, but who had not actually witnessed the accident. A police accident report identified the vehicle that struck the decedent as MTA bus number 3386, based, in part, on an inspection of the bus conducted approximately 19 miles away from the accident site. However, the operator of the subject bus denied any knowledge that an accident had occurred. Following the accident, the decedent's husband, individually and as administrator of her estate, commenced this action alleging,

inter alia, that the decedent had been struck and killed by MTA bus number 3386, which was owned and operated by the appellant, the MTA Bus Company. As relevant to this appeal, the appellant subsequently moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, primarily contending that since the decedent was not hit by a bus owned by the appellant, the plaintiff could not prove that the decedent's accident was the result of any negligence on its part or on the part of its bus operator. The Supreme Court denied that branch of the appellant's motion, concluding that it had failed to establish, prima facie, that the decedent was not struck by the subject bus.

"A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (*Lorenzo v 7201 Owners Corp.*, 133 AD3d 641, 641 [2015]; *see Shahid v City of New York*, 144 AD3d 1127 [2016]; *Setter v Fire Is. Ferries, Inc.*, 139 AD3d 840, 841 [2016]; *Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d 876, 878 [2015]). Here, while the appellant pointed to gaps in the plaintiff's proof, its submissions failed to eliminate all triable issues of fact as to whether the vehicle that struck the decedent was the subject MTA bus (*see generally Setter v Fire Is. Ferries, Inc.*, 139 AD3d at 841; *Lorenzo v 7201 Owners Corp.*, 133 AD3d 641 [2015]). Since the appellant failed to sustain its prima facie burden, the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.