■ Camille Y. Gillies et al., Respondents, v Antiqua Crawford et al., Respondents, and Sauveur Prosper, Appellant, et al., Defendant. [56 NYS3d 540]—

In an action to recover damages for personal injuries, the defendant Sauveur Prosper appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated April 14, 2016, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In the early morning hours of March 28, 2011, two automobiles collided at the intersection of Tilden Avenue and Veronica Place in Brooklyn. One vehicle was operated by the defendant Antiqua Crawford and owned by the defendant Mark Ward. Both plaintiffs were passengers in that vehicle. The second vehicle left the scene. A police accident report prepared in connection with the incident purportedly contained the license plate number of the second vehicle, which corresponded to an automobile that, at the time of the accident, was registered to the defendant Sauveur Prosper in New York. Additionally, dur-

ing his deposition, the plaintiff Alan Ennis provided a general description of the second vehicle, which was consistent with Prosper's automobile. In his own deposition, Prosper denied that his vehicle was involved in the accident.

Prosper subsequently moved for summary judgment dismissing the complaint insofar as asserted against him, submitting the police accident report and deposition testimony in support of the motion, and contending that his vehicle was not involved in the subject accident. The Supreme Court denied the motion, and we affirm insofar as appealed from.

"A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (*Lorenzo v 7201 Owners Corp.*, 133 AD3d 641, 641 [2015]; *see Shahid v City of New York*, 144 AD3d 1127 [2016]; *Setter v Fire Is. Ferries, Inc.*, 139 AD3d 840, 841 [2016]; *Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d 876, 878 [2015]). Here, Prosper's submissions failed to eliminate all triable issues of fact as to whether his vehicle struck the vehicle operated by Crawford (*see generally Jiann Hwa Fang v Metropolitan Transp. Auth.*, 148 AD3d 791 [2017]; *Cruz v Finney*, 148 AD3d 772 [2017]; *Setter v Fire Is. Ferries, Inc.*, 139 AD3d at 841; *Kadashev v Medina*, 134 AD3d 767 [2015]; *Lorenzo v 7201 Owners Corp.*, 133 AD3d 641 [2015]). Since Prosper failed to sustain his prima facie burden, the Supreme Court properly denied his motion for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.