■ ALLEN FELDBERG, Respondent, v BOGUSLAW SKORUPA, Appellant. [57 NYS3d 212]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated May 11, 2016, as denied his cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that on the evening of August 17, 2008, he was riding a bicycle on 150th Street in Queens when a minivan owned and operated by the defendant pulled out of a driveway and struck him. Later that evening, the plaintiff returned to the accident site, identified the minivan he believed was involved in the accident, and recorded its license plate number. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. As relevant to this appeal, the defendant thereafter cross-moved for summary judgment dismissing the complaint, contending that the plaintiff's deposition testimony revealed that the plaintiff would be unable to prove that the defendant's vehicle was the vehicle involved in the accident. The Supreme Court denied the defendant's cross motion, concluding that he had failed to establish, prima facie, that his vehicle was not involved in the accident.

"A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (*Lorenzo v 7201 Owners Corp.*, 133 AD3d 641, 641 [2015]; *see Jiann Hwa Fang v Metropolitan Transp. Auth.*, 148 AD3d 791 [2017]; *Shahid v City of New York*, 144 AD3d 1127 [2016]; *Setter v Fire Is. Ferries, Inc.*, 139 AD3d 840, 841 [2016]; *Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d 876, 878 [2015]). Here, the defendant failed to make a prima facie showing of his entitlement to judgment as a matter of law because he offered no evidence to affirmatively demonstrate that his vehicle was not the vehicle that struck the plaintiff. Although the defendant pointed to alleged gaps in the plaintiff's proof revealed by the plaintiff's deposition testimony, this was insufficient to satisfy his initial burden (*see Jiann Hwa Fang v Metropolitan Transp. Auth.*, 148 AD3d 791 [2017]; *Lorenzo v 7201 Owners Corp.*, 133 AD3d 641 [2015]). Since the defendant failed to sustain his prima facie burden, the Supreme Court properly denied his cross motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.