Jaspar Holdings, LLC v Gotham Trading Partners #1, LLC (2020 NY Slip Op 04467)





Jaspar Holdings, LLC v Gotham Trading Partners #1, LLC


2020 NY Slip Op 04467


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-04369
 (Index No. 38904/05)

[*1]Jaspar Holdings, LLC, appellant,
v
Gotham Trading Partners #1, LLC, etc., respondent.


Offit Kurman, New York, NY (Umar A. Sheikh of counsel), for appellant.
Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for respondent.



DECISION & ORDER
In an action for the partition and sale of real property, the plaintiff appeals from an amended order of the Supreme Court, Kings County (Larry D. Martin, J.), dated February 19, 2019. The amended order, insofar as appealed from, upon renewal and reargument, vacated the determination in a prior order of the same court dated April 25, 2017, denying that branch of the defendant's prior motion which was to reinstate a prior order of the same court dated June 13, 2016, appointing a referee and directing the sale of the subject property, and thereupon granted that branch of the defendant's prior motion, and directed the Referee to conduct a judicial sale of the subject property without regard to any minimum sales price, and denied that branch of the plaintiff's cross motion which was for an interlocutory judgment in its favor and against the defendant in the sum of $116,177.41, purportedly representing 50% of the carrying costs associated with the subject property from the date of the parties' stipulation of settlement through March 2018.
ORDERED that the amended order is reversed insofar as appealed from, on the law, with costs, the determination in the order dated April 25, 2017, denying that branch of the defendant's prior motion which was to reinstate the order dated June 13, 2016, appointing a referee and directing the sale of the subject property, is adhered to, and that branch of the plaintiff's cross motion which was for an interlocutory judgment in its favor and against the defendant in the sum of $116,177.41, purportedly representing 50% of the carrying costs associated with the subject property from the date of the parties' stipulation of settlement through March 2018, is granted to the extent that the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of the defendant's 50% share of the carrying costs associated with the subject property from the date of the parties' stipulation of settlement through March 2018 and the entry of an interlocutory judgment thereafter.
On May 17, 1978, Joseph Mulholland and Paul Gaspard purchased property located in Brooklyn as joint owners, each owning 50% of the property. On June 12, 2003, James Gaspard, as heir to the estate of Paul Gaspard, transferred his 50% interest in the property to the plaintiff, Jaspar Holdings, LLC.
In December 2005, the plaintiff commenced the instant action against Mulholland for the partition and sale of the property. On November 1, 2013, Mulholland sold his 50% interest in [*2]the property to the defendant, Gotham Trading Partners #1, LLC (hereinafter Gotham). By order dated June 13, 2016, the Supreme Court appointed a referee and directed the sale of the property. However, on September 14, 2016, the parties entered into a stipulation of settlement (hereinafter the stipulation) which, among other things, required that the property be jointly marketed for sale by the plaintiff and Gotham with a minimum sales price of $1,500,000 and called for the plaintiff and Gotham to split equally all costs, expenses, and profits relating to the management of the property from the date of the stipulation until the date of the sale of the property.
Following unsuccessful attempts to sell the property at the agreed upon minimum sales price pursuant to the stipulation, Gotham moved, inter alia, to vacate the stipulation and reinstate the order dated June 13, 2016, which had appointed a referee and directed the sale of the property. The Supreme Court denied the motion by order dated April 25, 2017, and Gotham moved for leave to renew and reargue the motion. The plaintiff opposed Gotham's motion for leave to renew and reargue, and cross-moved, inter alia, for an interlocutory judgment in its favor and against Gotham in the sum of $116,177.41, purportedly representing 50% of the carrying costs associated with the property from the date of the stipulation through March 2018. Gotham opposed the cross motion and disputed the amount claimed to be owed for the carrying costs of the property.
By amended order dated February 19, 2019, the Supreme Court granted Gotham's motion to for leave renew and reargue, and upon renewal and reargument, vacated the determination in the order dated April 25, 2017, denying that branch of Gotham's prior motion which was to reinstate the prior order dated June 13, 2016, appointing a referee and directing the sale the property, thereupon granted that branch of Gotham's motion, and then directed the Referee to conduct a judicial sale of the property, as soon as practicable, without regard to any minimum sales price. The court also, upon renewal and reargument, adhered to its prior determination in the order dated April 25, 2017, denying that branch of Gotham's motion which was to vacate the stipulation. The court denied that branch of the plaintiff's cross motion which was for an interlocutory judgment in its favor and against Gotham in the sum of $116,177.41, purportedly representing 50% of the carrying costs associated with the property from the date of the stipulation through March 2018. Instead, the court directed the Referee, upon completion of the judicial sale of the property, to file a supplemental report equitably determining the costs incurred, if any, by the plaintiff in maintaining the property from the date of the stipulation until the date of the judicial sale of the property and to assess a charge for 50% of the carrying costs, if any, against Gotham's respective share of the proceeds from the judicial sale of the property. The plaintiff appeals.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]; see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773). While the determination to grant leave to reargue lies within the sound discretion of the court (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d at 773; Barnett v Smith, 64 AD3d 669, 670-671), a motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (McGill v Goldman, 261 AD2d 593, 594; see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d at 773; Woody's Lbr. Co., Inc. v Jayram Realty Corp., 30 AD3d 590, 593; Foley v Roche, 68 AD2d 558, 567-568).
A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2]; Land v Forgione, 177 AD3d 862; Bukhtiyarova v Cohen, 172 AD3d 1153, 1155-1156; Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 927, 927).
Here, we agree with the Supreme Court's determination, upon renewal and reargument, adhering to its prior determination denying that branch of Gotham's motion which was to vacate the stipulation. There were no grounds to set aside the stipulation since it was not manifestly unfair to either party due to overreaching nor were its terms unconscionable nor did they [*3]result from fraud, collusion, mistake, or accident (see Young v Young, 178 AD3d 1124; Rogers v Malik, 126 AD3d 874, 875). Accordingly, we disagree with the court's determination, upon renewal and reargument, granting that branch of Gotham's motion which was to reinstate the order dated June 13, 2016, and directing the Referee to sell the property without regard to the minimum sales price.
Further, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for an interlocutory judgment in its favor and against Gotham in the sum of $116,117.41, purportedly representing 50% of the carrying costs associated with the property from the date of the stipulation through March 2018, to the extent of holding a hearing to determine the amount of Gotham's 50% share of the carrying costs associated with the property from the date of the stipulation through March 2018 and the entry of an interlocutory judgment thereafter.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court