Solis v Aguilar (2022 NY Slip Op 03540)





Solis v Aguilar


2022 NY Slip Op 03540


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-00087
 (Index No. 506560/14)

[*1]Richard Solis, et al., respondents,
v
Nora Aguilar, et al., appellants.


James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for appellants.
The Edelsteins, Faegenburg & Brown, LLP, New York, NY (Arthur Blyakher of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful eviction, the defendants appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated November 22, 2019. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the causes of action alleging intentional infliction of emotional distress and defamation or, in the alternative, for summary judgment dismissing those causes of action, and for summary judgment dismissing the remaining causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs rented an apartment for several years in a multifamily building in Brooklyn that was owned by one or more of the defendants. The plaintiffs alleged that beginning in approximately February 2014, the defendants engaged in a pattern of conduct to wrongfully evict them from the premises, including attempting to have the police remove them by falsely claiming that the plaintiffs recently had moved in without their permission; disconnecting the lights, the refrigerator, and the gas to the kitchen; removing the bathroom door and turning off the heat and hot water in the bathroom; performing demolition in and above the apartment; and making false reports to the police and the New York State Child Abuse and Maltreatment Register. The plaintiffs alleged that the conduct culminated on or about April 5, 2014, when the defendants removed the apartment door, took the plaintiffs' personal property from the premises and placed it on the curb, and destroyed the apartment, by, among other things, knocking down the walls, removing the stove, and "disconnecting" the bathroom.
The plaintiffs commenced this action, inter alia, to recover damages for wrongful eviction, intentional infliction of emotional distress, and defamation. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging intentional infliction of emotion distress and defamation or, in the alternative, for summary judgment dismissing those causes of action, and for summary judgment dismissing the remaining causes of action. In an order dated November 22, 2019, the Supreme Court, inter alia, denied the motion, and the defendants appeal.
When assessing the adequacy of a complaint in light of a CPLR 3211(a)(7) motion [*2]to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true, and provide the plaintiff "the benefit of every possible favorable inference" (Leon v Martinez, 84 NY2d 83, 87; see CPLR 3026; AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591). "Further, any deficiencies in the complaint may be amplified by supplemental pleadings and other evidence" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d at 591; see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636).
Contrary to the defendants' contention, the complaint, as amplified by the plaintiffs' evidentiary submissions, adequately stated a cause of action to recover damages for defamation with sufficient particularity (see CPLR 3016[a]; G.L. v Markowitz, 101 AD3d 821, 823; Zornberg v North Shore Univ. Hosp., 29 AD3d 986, 986). Further, since the alleged defamatory statements charged the plaintiffs with serious crimes, they were not obligated to plead special damages (see Liberman v Gelstein, 80 NY2d 429, 434-435; Mohen v Stepanov, 59 AD3d 502, 505; Fusco v Fusco, 36 AD3d 589, 591; Zornberg v North Shore Univ. Hosp., 29 AD3d 986). Similarly, the complaint sufficiently set forth the elements of intentional infliction of emotional distress (see Light v Light, 64 AD3d 633, 634; James v Saltsman, 99 AD2d 797, 798). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging intentional infliction of emotional distress and defamation.
The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case. Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [citations omitted]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). "A defendant moving for summary judgment dismissing the complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (Lorenzo v 7201 Owners Corp., 133 AD3d 641, 641; see Setter v Fire Is. Ferries, Inc., 139 AD3d 840, 841).
Here, the defendants failed to meet their prima facie burden with respect to any of the causes of action and simply pointed to claimed deficiencies in the plaintiffs' proof. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiffs to raise a triable issue of fact, and the Supreme Court properly denied that branch the defendants' motion which was for summary judgment dismissing the complaint (see Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 838; Cincotta v City of New York, 292 AD2d 558, 559).
The defendants' remaining contentions, raised for the first time on appeal, are not properly before this Court.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court