Cabrera v Rallye Motors, LLC (2023 NY Slip Op 01885)

Cabrera v Rallye Motors, LLC

2023 NY Slip Op 01885

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-04232
 (Index No. 600899/20)

[*1]Kamalic Cabrera, etc., respondent,
v
Rallye Motors, LLC, appellant, et al., defendant.

Cullen and Dykman LLP, New York, NY (Deborah A. Levine, Daniel P. Mevorach, and John E. Sparling of counsel), for appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent infliction of emotional distress, etc., the defendant Rallye Motors, LLC, appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), dated May 13, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendant Rallye Motors, LLC, which was pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action on behalf of herself and her infant daughter, inter alia, to recover damages for negligent infliction of emotional distress. The plaintiff alleged that she and the infant sustained emotional injuries while on the premises of an automobile dealership owned by the defendant Rallye Motors, LLC (hereinafter Rallye), arising from an encounter with another patron at the dealership. Rallye moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint insofar as asserted against it, and the Supreme Court denied that branch of its motion. Rallye appeals.
The Supreme Court properly denied that branch of Rallye's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent infliction of emotional distress insofar as asserted against it. "On a motion to dismiss [a] complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Leon v Martinez, 84 NY2d 83, 87-88). "'The test of the sufficiency of a complaint is whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments'" (A.R. v City of New York, 206 AD3d 768, 769, quoting Pace v Perk, 81 AD2d 444, 449; see CPLR 3013; Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Sokol v Leader, 74 AD3d 1180, 1181). "Further, any deficiencies in the [*2]complaint may be amplified by supplemental pleadings and other evidence" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591; see Solis v Aguilar, 206 AD3d 684, 686).
"A breach of the duty of care resulting directly in emotional harm is compensable even though no physical injury occurred when the mental injury is a direct, rather than a consequential, result of the breach and when the claim possesses some guarantee of genuineness" (Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6 [citations and internal quotation marks omitted]; see Derago v Ko, 189 AD3d 1352, 1354-1355; Sawitsky v State of New York, 146 AD3d 914, 915). Absent specific types of negligence not at issue here, "the guarantee of genuineness generally requires that the breach of the duty owed directly to the injured party must have at least endangered the plaintiff's physical safety or caused the plaintiff to fear for his or her own physical safety" (Taggart v Costabile, 131 AD3d 243, 253 [internal quotation marks omitted]; see A.R. v City of New York, 206 AD3d at 770; Santana v Leith, 117 AD3d 711, 712). "Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (Taggart v Costabile, 131 AD3d at 256 [citations and internal quotation marks omitted]).
Here, accepting the facts alleged in the second amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the second amended complaint, as amplified by the plaintiff's affidavit, adequately alleged that the emotional injuries sustained by the plaintiff and the infant were the direct result of Rallye's breach of its duty to protect them from the foreseeable conduct of the patron they encountered on the dealership premises (see Davis v Commack Hotel, LLC, 174 AD3d 501, 502-503), that the patron's behavior toward them was a normal and foreseeable consequence of the situation created by Rallye's breach of its duty of care based on prior instances of similar behavior by that patron at the dealership (cf. Taggart v Costabile, 131 AD3d at 256), and that the encounter with the patron caused the plaintiff and the infant to fear for their physical safety (cf. A.R. v City of New York, 206 AD3d at 770; Santana v Leith, 117 AD3d at 712). Accordingly, the plaintiff adequately stated a cause of action against Rallye to recover damages for negligent infliction of emotional distress.
The parties' remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court