Hernandez-Martinez v Shiao S. Wang (2023 NY Slip Op 06127)

Hernandez-Martinez v Shiao S. Wang

2023 NY Slip Op 06127

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-06190
 (Index No. 715281/20)

[*1]Lucero Hernandez-Martinez, plaintiff-respondent,
v
Shiao S. Wang, appellant, Acela Hernandez, et al., defendants-respondents.

Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for appellant.
Law Offices of Michael Ferro & Associates, Westbury, NY (Katie A. Walsh of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Shiao S. Wang appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered August 18, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs to the defendants-respondents.
The plaintiff was a passenger in a car operated by the defendant Acela Hernandez and owned by the defendant Emilia Hernandez (hereinafter together the Hernandez defendants) when it was involved in a collision with another car, a silver sedan with a New Jersey license plate (hereinafter the sedan), which left the scene. A police accident report prepared in connection with the incident purportedly contained the license plate number of the sedan, which corresponded to an automobile that was registered to the defendant Shiao S. Wang in New Jersey.
The plaintiff commenced this action against the Hernandez defendants and Wang to recover damages for personal injuries she allegedly sustained in the accident. The Hernandez defendants, in their answer to the complaint, asserted cross-claims against Wang seeking indemnification and contribution.
Wang subsequently moved, inter alia, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him, on the ground that he did not own or operate the sedan. In support of his motion, Wang proffered a photograph, provided to him by the plaintiff in discovery, allegedly depicting the license plate of the sedan involved in the collision, as well as the certified police accident report listing Wang as the registered owner of the sedan. In addition, Wang submitted an affidavit averring that he did not operate or own the sedan and that he had not used the license plate number depicted in the photograph and recited in the police report, since 2005, when he gave the car bearing that license plate to his sister, who subsequently registered the car in New York under her own name.
By order entered August 18, 2021, the Supreme Court, among other things, denied that branch of Wang's motion which was for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. Wang appeals.
While Wang argues that the evidence of his ownership of the sedan consisted only of hearsay, "[a] defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (Gillies v Crawford, 151 AD3d 813, 814 [internal quotation marks omitted]). On Wang's motion, it was his burden to prove that he was not the owner of the sedan. Nevertheless, in addition to his affidavit denying ownership, Wang also submitted evidence supporting the plaintiff's allegation that he owned the car. Wang therefore failed to eliminate triable issues of fact as to whether he was the owner of the sedan involved in the collision (see id.).
Accordingly, the Supreme Court properly denied that branch of Wang's motion which was for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court