| |
|---|
| **Lennon v Budget Truck Rental, LLC** |
| 2024 NY Slip Op 33632(U) |
| October 9, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 508157/2022 |
| Judge: Joy F. Campanelli |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS: IAS PART 6
-------------------------------------------------------------X
MICHAEL LENNON,

                              Plaintiff,          Index No.:  508157/2022

        -against-

BUDGET TRUCK RENTAL, LLC, and "JOHN          **DECISION AND ORDER**
DOE", First and Last name being fictitious and     Hon. Joy F. Campanelli, J.S.C.
unknown,

                              Defendants.
-------------------------------------------------------------X


The following e-filed papers read herein:                    NYSCEF Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____          46-54
Opposing Affidavits (Affirmations)_____          55-56
Affidavits/ Affirmations in Reply  _____          58
Other Papers:  Affidavits/Affirmations in Support


Plaintiff MICHAEL LENNON moves by Notice of Motion seq. no. 003, pursuant to

CPLR § 2221, for leave to renew and reargue Defendant's motion for summary judgment

seq. no. 001, which was granted by this Court after oral arguments on February 7, 2024.

A motion for leave to renew must either be "based upon new facts not offered on the

prior motion" that would change the prior decision or must "demonstrate that there has been

a change in the law that would change the prior determination[.]" The movant must also

provide reasonable justification for the failure to present such new facts or law on the prior

motion. N.Y. C.P.L.R. 2221(e) (McKinney); *see Elder v. Elder,* 21 A.D.3d 1055, 802

N.Y.S.2d 457; *Matter of Progressive Northeastern Ins. Co. v. Frenkel,* 8 A.D.3d 390, 391,

777 N.Y.S.2d 652; *Matter of Brooklyn Welding Corp. v. Chin,* 236 A.D.2d 392, 653 N.Y.S.2d

1

[* 1]

631); *Korman v. Bellmore Pub. Schools*, 879 N.Y.S.2d 194, 196–97 (N.Y. App. Div. 2d Dept. 2009).

At oral argument on September 25, 2024, Plaintiff's counsel admitted, that no new facts are being offered that would change the prior determination. As such, the portion of Plaintiff's motion seeking leave to renew motion seq. no. 001 is denied.

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion[.]" N.Y. C.P.L.R. 2221(d)(2) (McKinney). Motions for leave to reargue are within the discretion of the court and are "not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented[.]" *McGill v. Goldman,* 261 A.D.2d 593, 594, 691 N.Y.S.2d 75; see *Jaspar Holdings, LLC v. Gotham Trading Partners # 1, LLC,* 186 A.D.3d 582, 584, 130 N.Y.S.3d 19; *Degraw Constr. Group, Inc. v. McGowan Bldrs., Inc.,* 178 A.D.3d at 773, 111 N.Y.S.3d 898; *Woody's Lbr. Co., Inc. v. Jayram Realty Corp.,* 30 A.D.3d 590, 593, 817 N.Y.S.2d 391); *Emigrant Bank v. Kaufman*, 203 N.Y.S.3d 363, 365–66 (N.Y. App. Div. 2d Dept. 2024).

In granting Defendant's motion for summary judgment seq. no. 001, Plaintiff argues that the Court misapprehended Second Department case law analogous to the facts of this matter which was initially offered by Plaintiff in opposition to the summary judgment motion. This court agrees as such, the portion of Plaintiff's motion seq. no. 003 seeking leave to reargue Defendant's motion for summary judgment seq. no. 001 is granted. Upon reargument, Defendant failed to establish prima facie entitlement to judgment as a matter of law and therefore, Defendant's motion seq. no. 001 for summary judgment is denied.

–

[* 2]

To succeed on a motion for summary judgment and dismiss a complaint, defendants cannot simply point to gaps in the plaintiff's case to satisfy their burden. They must affirmatively demonstrate the merits of their claim or defense by submitting evidentiary proof in admissible form. See *Vanderhurst v. Nobile*, 13 N.Y.S.3d 231, 232 (N.Y. App. Div. 2d Dept. 2015);

*Collado v. Jiacono*, 6 N.Y.S.3d 116, 118 (N.Y. App. Div. 2d Dept. 2015); *Feldberg v. Skorupa*, 57 N.Y.S.3d 212, 213 (N.Y. App. Div. 2d Dept. 2017).

In support of their summary judgment motion, Defendant BUDGET TRUCK RENTAL, LLC argued that Plaintiff could not establish a prima facie case of liability because they could not prove Defendant owned, or was operating, the offending vehicle at the time of the motor vehicle accident at the center of this case. In making this argument, Defendant relied on deposition transcripts to highlight alleged deficiencies in Plaintiff's case. This is insufficient evidence to shift the burden from the Defendant on a motion for summary judgment. Defendant did not affirmatively offer any evidence in admissible form to demonstrate the absence of material issues of fact, and entitlement to judgment as a matter of law based on those facts. Therefore, Defendant's motion for summary judgment seq. no. 001 is denied.

Accordingly, it is hereby

**ORDERED** that the portion of Plaintiff MICHAEL LENNON's motion seq. no. 003 for leave to renew Defendant's motion for summary judgment seq. no. 001, is DENIED; and it is further,

3

[* 3]

**ORDERED** that the portion of Plaintiff MICHAEL LENNON's motion seq. no. 003 for leave to reargue Defendant's motion for summary judgment seq. no. 001 is GRANTED; and it is further,

**ORDERED** that upon reargument, Defendant BUDGET TRUCK RENTAL, LLC's motion seq. no. 001 for summary judgement is DENIED

This constitutes the decision and order of the Court.

DATED: October 9, 2024
        Brooklyn, New York

_____
Hon. Joy F. Campanelli, J.S.C.

[* 4]