Matter of Sciame Constr., LLC v Accurate Specialty Metal Fabricators, Inc. (2022 NY Slip Op 03486)





Matter of Sciame Constr., LLC v Accurate Specialty Metal Fabricators, Inc.


2022 NY Slip Op 03486


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Acosta, P.J., Renwick, Singh, Moulton, Kennedy, JJ. 


Index No. 655666/21 Appeal No. 16058 Case No. 2022-00285 

[*1]In the Matter of Sciame Construction, LLC, Petitioner-Appellant,
v
Accurate Specialty Metal Fabricators, Inc., Respondent-Respondent.


Sheppard, Mullin, Richter & Hampton LLP, New York (Ira M. Schulman of counsel), for appellant.
Goetz Fitzpatrick LLP, New York (Gerard S. Strain of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer Schecter, J.), entered November 22, 2021, which denied the petition for a permanent stay of arbitration and granted respondent's cross motion to compel arbitration, unanimously affirmed, without costs.
Petitioner contracted with a nonparty property owner to provide construction management services (CMA) on a construction project for the owner. It thereafter acted as the owner's agent and executed, on behalf of the owner, a subcontract with respondent for ornamental metal work on the project. Disputes arose regarding the quality and timeliness of respondent's performance of the metal work. Petitioner, on behalf of the owner, filed a demand for arbitration in accordance with the dispute resolution provisions in the CMA. Respondent filed an answer and a third-party arbitration claim alleging that petitioner's stacking of trades, dilution of supervision, chaotic work site, failure to timely approve change orders, and interference with respondent's remediation efforts proximately caused it to incur damages in the performance of its subcontract work. Petitioner seeks a permanent stay of the third-party arbitration.
Although, generally, an agent, such as petitioner, who signs a contract on behalf of a known principal does not bind itself individually (Mionis v Bank Julius Baer & Co. , 301 AD2d 104, 110 [1st Dept 2002]), the language in the parties' contract documents (i.e., the CMA, the subcontract, its rider, and subsequent amendments) unequivocally evinces the intent of petitioner, respondent, and the owner that all disputes arising among the parties, including those arising between petitioner and respondent, be resolved through arbitration. Parties are free to draft their dispute resolution terms regardless of the agency principles petitioner relies on here (see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith , 85 NY2d 173, 182-183 [1995]).
In light of the foregoing, we do not reach petitioner's remaining arguments. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022