| |
|---|
| **Arporan v Delshah Mgt. LLC** |
| 2025 NY Slip Op 34764(U) |
| December 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 650574/2025 |
| Judge: Phaedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    **HON. PHAEDRA F. PERRY-BOND** | PART      **35** |
| *Justice* | |

--------------------------------------------------------------------X

BEN ARPORAN,

              Plaintiff,

         - v -

DELSHAH MANAGEMENT LLC, QUALITY BH 108TH MANHATTAN LLC, MICHAEL SHAH, ARDI DEMALIAJ, YONI HADAR, and EDGAR DOE

              Defendants.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650574/2025 |
| MOTION DATE | 02/24/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for                DISMISSAL             .

Upon the foregoing documents, Defendants' motion to dismiss Plaintiff Ben Arporan's ("Plaintiff") first cause of action against all Defendants except for Defendant Quality BH 108th Manhattan LLC ("Quality BH"), and seeking dismissal of Plaintiff's second, fourth, and sixth causes of action against all Defendants is granted in part and denied in part.

## I.     Background

On October 23, 2024, Plaintiff entered a lease (the "Lease") with Defendant Quality BH for 3 West 108th Street, Apartment 10, New York, New York (the "Premises"). The Lease identified Quality BH as the owner while Defendant Delshah Management LLC was identified as Quality BH's agent. Defendant Ardi Demaliaj ("Demaliaj") signed the Lease on behalf of Quality BH. Defendant Michael Shah ("Shah") is the manager of Delshah Management LLC.

Plaintiff alleges that within the first month of his tenancy, the Premises' electricity was shut off. Plaintiff claims he sought help from Mr. Demaliaj and Defendant "Edgar Doe" to no avail. Plaintiff also sought help from Defendant Yoni Hadar ("Hadar"), an employee of Delshah

**650574/2025 ARPORAN, BEN vs. DELSHAH MANAGEMENT LLC ET AL**          Page 1 of 7
Motion No. 001

1 of 7

Management. But allegedly, Mr. Hadar called Plaintiff a fraud and threatened to sue Plaintiff. Plaintiff claims instead of restoring electricity, Defendants changed the locks of the Premises without notifying Plaintiff, resulting in his eviction. Plaintiff claims all his possessions were locked in the Premises and have still not been returned. Defendants justified the eviction by claiming Plaintiff was renting the Premises on Airbnb. Plaintiff claims this accusation was baseless. Plaintiff sued Defendants for breach of contract, unjust enrichment, wrongful eviction, intentional infliction of emotional distress ("IIED"), conversion, and fraud. Defendants now move for partial dismissal.

## II. Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court accepts all factual allegations as true, gives Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings, and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]; *Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). However, conclusory allegations or bare legal conclusions with no factual specificity are insufficient (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

### B. Breach of Contract

Defendants' motion to dismiss Plaintiff's breach of contract claim against all Defendants except Quality BH is granted. "Generally, a breach of contract claim cannot be asserted against a non-signatory to the contract" except when a plaintiff alleges adequate facts to pierce the corporate veil or to assert a theory of alter ego liability (*Array BioPharma, Inc. v AstraZeneca AB*, 184 AD3d

650574/2025 ARPORAN, BEN vs. DELSHAH MANAGEMENT LLC ET AL Page 2 of 7
Motion No. 001

2 of 7

[* 2]

463, 464 [1st Dept 2020] citing *Randall's Is. Aquatic Leisure, LLC v City of New York*, 92 AD3d 463, 463 [1st Dept 2012], *lv denied* 19 NY3d 804 [2012]). Here, the Lease states it was made between Plaintiff and "Quality BH 108th Manhattan LLC acting by and through its agent" (NYSCEF Doc. 7). The Lease does not state, either expressly or implicitly, that any Defendants other than Quality BH are parties to the Lease. Moreover, the Complaint does not allege alter ego liability to support extending contractual liability to non-signatory defendants, nor does it seek to pierce the corporate veil (*see Remora Capital S.A. v Dukan*, 175 AD3d 1219, 1221 [1st Dept 2019]).

While Plaintiff claims that because Mr. Demaliaj signed on the line designated for "Lessor" he is a party to the contract, this is nothing indicating he signed in his individual capacity (*see, e.g. Sciame Const., LLC v Accurate Specialty Metal Fabricators, Inc.*, 205 AD3d 655, 656 [1st Dept 2022] citing *Mionis v Bank Julius Baer & Co.*, 301 AD2d 104, 110 [1st Dept 2002] [generally, an agent who signs a contract on behalf of a known principal does not bind itself individually unless language in contract documents unequivocally evinces intent of agent to be bound]). There is no language in the Lease indicating Mr. Demaliaj, as Quality BH's agent, unequivocally intended to be personally liable for the contractual obligations agreed to by Quality BH. Moreover, the express terms of the contract which state the Lease is entered between Plaintiff and Quality BH. Quality BH, as a corporation, was required to have an agent or employee, such as Mr. Demaliaj, sign on its behalf. Therefore, Defendants' motion to dismiss Plaintiff's breach of contract claim against all Defendants except for Quality BH is granted.

### C. Unjust Enrichment

Defendants' motion to dismiss Plaintiff's unjust enrichment claim is granted. An unjust enrichment claim is not available if it simply duplicates, or replaces, a conventional contract or

650574/2025 ARPORAN, BEN vs. DELSHAH MANAGEMENT LLC ET AL
Motion No. 001

Page 3 of 7

tort claim (*Corsello v Verizon New York, Inc.*, 18 NY3d 777, 790 [2012]). Unjust enrichment is reserved for "unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff" (*Corsello, supra*).

Defendants do not dispute the validity and existence of the Lease between Quality BH and Plaintiff. Thus, the unjust enrichment claim is duplicative of Plaintiff's breach of contract claim. Although the remaining Defendants are not signatories to the Lease, it is well established that when the enforceability of a written agreement is not in dispute "quasi-contractual claims based on the same subject matter will not lie, even against a nonparty" (*see A.N.L.Y.H. Investments LP v JDS Principal Highline LLC*, 231 AD3d 570, 572 [1st Dept 2024] citing *Dragons 516 Ltd. v GDC 138 E 50 LLC*, 201 aD3d 463, 464 [1st Dept 2022]). The unjust enrichment claim is also duplicative of Plaintiff's third cause of action alleging wrongful eviction and fifth cause of action alleging conversion, which Defendants do not move to dismiss.

### D. Intentional Infliction of Emotional Distress (IIED)

Defendants' motion to dismiss Plaintiff's IIED claim is denied, without prejudice, with leave to renew after further discovery. While Defendants argue that Plaintiff has not alleged, he suffered severe emotional distress, this argument is made prematurely. As this is a pre-answer motion to dismiss, the severity of Plaintiff's emotional distress caused by Defendants' actions is an issue of fact which cannot be adjudicated at this juncture.

Although Defendants argue their alleged actions do not constitute extreme or outrageous behavior sufficient to give rise to a claim for IIED, this Court disagrees. Accepting Plaintiff's allegations as true, as this Court must on a pre-answer motion to dismiss, Plaintiff alleges that after complaining to Defendants about the electricity being shut off in his home, Plaintiff was rebuffed,

**650574/2025 ARPORAN, BEN vs. DELSHAH MANAGEMENT LLC ET AL** **Page 4 of 7**
**Motion No. 001**

4 of 7

falsely accused of renting his apartment on Airbnb, threatened with litigation, and locked him out of his home without access to any of his possessions.[1] Allegedly, his possessions have still not been returned. On a pre-answer motion to dismiss, this is sufficiently extreme and outrageous behavior to give rise to an IIED claim (*see Solis v Aguilar*, 206 AD3d 684, 686 [2d Dept 2022] [defendants conduct, which included making false allegations about plaintiffs to police, disconnecting the lights, refrigerator, and gas to the kitchen, turning off the heat and hot water, and taking plaintiffs personal property and placing it on the curb was sufficient to allege IIED]; *see also James v Saltsman*, 99 AD2d 797, 798 [2d Dept 1984]). Therefore, the motion to dismiss Plaintiff's IIED claim is denied (*see also Green v Fischbein Olivieri Rozenholc & Badillo*, 119 AD2d 345, 350 [1st Dept 1986] [tenant's IIED claim sufficiently alleged where defendants severely interrupted essential services to tenant's apartment, interfered with his mail, verbally abused plaintiff, and initiated baseless eviction proceedings against plaintiff]).

### E. Fraud

Defendants' motion to dismiss Plaintiff's fraud claim is granted and this claim is dismissed, without prejudice, with leave to replead within twenty days with the required factual specificity, if possible. Claims for fraud must meet a more stringent pleading standard pursuant to CPLR 3016(b) (*see, e.g. Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Plaintiff is required "to identify who made misrepresentations, when the misrepresentations were made, and the substance of the misrepresentations" (*INTL FCStone Markets, LLC v Corrib Oil Co. Ltd.*, 172 AD3d 492, 493 [1st Dept 2019]). Plaintiff must also allege that the misrepresentation

---

[1] While Defendants submit as an exhibit a New York City Department of Buildings ("DOB") complaint alleging the Premises was being used illegally as an Airbnb, this exhibit does not conclusively negate Plaintiff's allegations and does not state whether the DOB found evidence that the apartment was being used as an Airbnb. Moreover, Defendants move to dismiss pursuant to CPLR 3211(a)(1) which governs motions to dismiss based on documentary evidence, and Defendants have not shown the DOB complaint constitutes documentary evidence.

650574/2025 ARPORAN, BEN vs. DELSHAH MANAGEMENT LLC ET AL Page 5 of 7
Motion No. 001

5 of 7

was "known to be false by the defendant, was made for the purpose of inducing the other party to rely upon it" and must allege his "justifiable reliance on the misrepresentation or material omission" (*FNF Touring LLC v Transform America Corp.*, 111 AD3d 401, 401-402 [1st Dept 2013] quoting *Mandarin Trading LTd. v Wildenstein*, 16 NY3d 173, 178 [2011]).

Plaintiff alleges he was fraudulently induced to enter the Lease based on a misrepresentation as to the functioning of the Premises electrical system. But the Lease states:

> "[Plaintiff] acknowledge[s] that Owner and its agent have made no promise or representation of any kind or nature with respect to the cost and operation of electric, cable television, telephone and other utilities nor as to the heating and air-conditioning system, including without limitation the electricity cost or the manner of the functioning of the systems or the portion of the cost of operating the systems which will be borne by [Plaintiff]" (NYSCEF Doc. 7 at § 1.7[b]).

This disclaimer negates Plaintiff's allegations that he reasonably relied on a representation by Defendants regarding the Premises' electrical systems (*see Fifth Partners LLC v Foley*, 227 AD3d 543, 544 [1st Dept 2024]). Assuming, *arguendo*, that the terms of the Lease did not negate Plaintiff's justifiable reliance, the fraud claim still fails because it does not state with particularity which of the Defendants made a knowingly false misrepresentation, or when the misrepresentation was made and in what context. To the extent Plaintiff claims his fraud claim is based on Hadar's representations to Plaintiff that the electricity was on when it was not, and that Hadar falsely told Plaintiff that Hadar's name was "Justin Arporan" this argument is without merit. Plaintiff does not allege he relied on Hadar's false statements because Plaintiff alleges, he knew Hadar was lying when the allegedly fraudulent statements were made.

The failure to allege any specific actionable and factual allegations requires dismissal of the fraud claim (*see, e.g. Suber v Churchill Owners Corp.*, 228 AD3d 414, 414-415 [1st Dept 2024]). However, as dismissal is based on pleading technicalities, the fraud claim is dismissed without prejudice, with leave to replead within twenty days.

650574/2025  ARPORAN, BEN vs. DELSHAH MANAGEMENT LLC ET AL
Page 6 of 7
Motion No. 001

[* 6]
6 of 7

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss is granted to the extent that the first cause of action for breach of contract is dismissed with prejudice against all Defendants except for Quality BH 108th Manhattan LLC; the second cause of action alleging unjust enrichment is dismissed with prejudice, and sixth cause of action alleging fraud is dismissed without prejudice and with leave to replead with the requisite specificity within twenty days from entry of this Decision and Order, and the remainder of Defendants' motion is denied; and it is further

ORDERED that twenty days after the expiration of the period in which Plaintiff is granted leave to replead his fraud claim, Defendants shall serve a responsive pleading to Plaintiff's Complaint; and it is further

ORDERED that on or before February 3, 2026, the parties shall submit a proposed preliminary conference order to the Court via e-mail. Alternatively, if the parties wish to explore early resolution of this matter through the Court's sponsored ADR program, they shall notify the Court via e-mail so the appropriate referral order can be issued, and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order with notice of entry on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

12/9/25
**DATE**

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**650574/2025   ARPORAN, BEN vs. DELSHAH MANAGEMENT LLC ET AL**
**Motion No.  001**

Page 7 of 7